## J. W. ESTES ET AL. v. FLORENCE ESTES ET AL.

Decided March 24, 1909.

1.—Appeal Bond—Amendment.

An appellant who has failed to file bond within the time allowed by law, cannot be permitted to file a new bond in lieu of one that is defective.

2.—Same.

Where the term of court continues in session more than eight weeks and appeal bond was filed more than twenty but within 30 days of notice of appeal, a non resident appellant may correct a defect therein (insufficiency in amount of bond) by filing a new bond, though the appeal of his co-appellants, residents of the county, is dismissed because the bond was not filed within twenty days.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Saunders & Saunders,* for appellants.

*Tyler & Tyler,* for appellees.

OPINION ON MOTION TO DISMISS APPEAL.

FISHER, CHIEF JUSTICE.—The clerk of the court below fixed the probable costs of the court below and of this court and Supreme Court at $150. The appeal bond is only for the sum of $150, therefore not double amount of the probable costs, as fixed by the clerk, as required by article 1400, Revised Statutes. There are also some objections to the bond that it does not correctly describe the judgment appealed from and in some particulars misdescribes same. This will doubtless be corrected in the new bond to be given by the appellant who is allowed by our order to file same. The District Court of Bell County, from which this case is appealed, may remain in session more than eight weeks, and did, in fact, remain in session at the term at which case was tried about thirteen weeks, consequently the time in which the appeal should be perfected is governed by the latter part of article 1387, Revised Statutes, which is to the effect that when court may continue in session more than eight weeks the bond shall be filed within twenty days after notice of appeal if the party taking the appeal resides in the county and within thirty days if he resides out of the county. Notice of appeal by appellant was given on March 31, 1908, and the appeal bond was filed and approved April 21, 1908. This statement shows that the appeal bond was not filed within the time required by law by those appellants residing in the county who, from the pleadings are shown to be appellants, J. W. Estes, Margaret Murphy and her husband, W. G. Murphy, but was filed in time by appellant, C. P. Estes, who resides in Coleman County; and he is allowed twenty days from this date in which to execute and present to this court a new bond in double the amount of costs fixed by the clerk, with a certificate of the clerk to the effect that the sureties are good for the amount and have property sufficient to secure bond sub-

ject to execution over and above all exemptions. It is suggested that the bond correct the other defects pointed out in the motion. As to appellants, J. W. Estes, Margaret Murphy and her husband, W. G. Murphy, the appeal will be dismissed as requested by appellees in their motion. Failing to perfect their appeal within the time required by law for executing a bond they are not entitled to the benefits of statute that authorizes this court to permit a party to file a new bond in lieu of one that is defective. Appeal dismissed as to J. W. Estes, Margaret Murphy and W. G. Murphy. C. P. Estes is given twenty days ·from this day to file new bond, otherwise appeal will be dismissed.

[Appellant C. P. Estes perfected his appeal by filing a new bond in the proper amount. The judgment was affirmed as to him November 3, 1909, in an opinion by Mr. Justice Rice. This opinion, which turns wholly on the sufficiency of the assignments of error, propositions and statements of appellants, will not be officially reported.]