GAAL v. EDEN. (No. 1518.)

(Court of Civil Appeals of Texas. El Paso. Nov. 1, 1923. Rehearing Denied Nov. 22, 1923.)

1. Appeal and error ⚖︎1010(1)—Trial court's findings conclusive on appeal.

The Court of Civil Appeals is concluded by the judgment of the trial court on the facts, if there is sufficient evidence to sustain the material facts at issue.

On Rehearing.

2. Appeal and error ⚖︎931(3) — Trial court presumed to have found facts supporting judgment in absence of findings.

In a case tried without a jury, the appellate court, in the absence of findings of fact by the trial court or request by appellant that such findings be filed, must presume that all material issues of fact raised by the pleadings and evidence were found in such manner as to support the judgment.

3. Appeal and error ⚖︎1010(1) — Bills and notes ⚖︎537(4)—Evidence held to raise issue of fact as to whether note was procured by duress; trial court's finding on issue of fact conclusive.

In an action on a note which defendant claimed to have signed under duress, evidence *held* to raise an issue of fact as to whether defendant was forced to sign the note by payee's threats to prosecute his son-in-law, making the trial court's finding thereon conclusive on appeal.

Appeal from County Court, at Law, El Paso County; J. M. Deaver, Judge.

---

⚖︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by J. H. Eden against W. H. Eden and I. G. Gaal. Judgment for plaintiff, and defendant Gaal appeals. Affirmed.

J. U. Sweeney and R. M. Reed, both of El Paso, for appellant.

Wallace & Cameron, of El Paso, for appellee.

WALTHALL, J. J. H. Eden brought this suit against W. H. Eden and I. G. Gaal to recover on a promissory note for the sum of $225, interest and attorney's fees provided for in the note.

Defendants Eden and Gaal pleaded that plaintiff J. H. Eden is the father of W. H. Eden, and that Gaal is the father-in-law of W. H. Eden; that at and prior to the time of the execution of said note plaintiff threatened to have W. H. Eden arrested and sent to the penitentiary for theft of money, unless defendants would execute said note. Gaal, in his own behalf, alleged that he signed the said note for fear plaintiff would try to carry out his said threat and thereby bring disgrace upon himself and family, and that by reason of said threat and fear he signed said note under duress, and that said note was without consideration, against public policy, and is void.

The case was tried before the court without a jury, and judgment was rendered for plaintiff and against each of the defendants, from which judgment Gaal alone prosecutes this appeal.

The court did not make up and file findings of fact and conclusions of law, but in the judgment recites that "the court finds that the defendants are justly indebted to the plaintiff," in the amount of the note, interest, and attorney fees, and so rendered judgment.

[1] This court is concluded by the judgment of the trial court on the facts if there is sufficient evidence to sustain the material facts at issue. The execution and delivery of the note is admitted, and the only contention made by the defense is the issue of duress by reason of the alleged threats by appellee to prosecute the defendant, W. H. Eden, for theft of money unless the note was given. The court heard the evidence, and rendered judgment for the plaintiff. Appellant's evidence is to the effect that the alleged threats were in fact made, and the evidence of the appellee is to the effect that no threats as alleged were in fact made. The court concluded the fact in favor of appellee.

Appellant presents several propositions, but they are based upon the assumed fact that the threats were made as alleged.

Finding no reversible error, the case is affirmed.

## On Rehearing.

HIGGINS, J. [2] Appellant in his motion for rehearing questions the correctness of this court's action in assuming that the trial court found against him upon the issue of whether the alleged threats were in fact made. It is the well-accepted rule that, in a case tried without a jury, the appellate court, in the absence of findings of fact by the trial court, must assume that all material issues of fact raised by the pleading and evidence were found by the trial court in such manner as to support the judgment. In support of this statement of the rule see long list of authorities upon the subject in 1 Michie Digest, 753.

If appellant desired to avoid being bound by the assumption that the trial court found against him upon the issue of whether the alleged threats were made, he should have demanded of the trial court the filing of its finding upon such issue. Read v. Brewer, 90 Tex. 144, 37 S. W. 418.

[3] Having failed to obtain the trial court's finding upon this issue, this court cannot disregard the well-settled presumption that obtains in support of the judgment. It is also a well-settled rule that upon all issues of fact sufficiently supported by competent evidence the appellate court cannot set aside the findings of the jury, or of the court in cases tried without a jury, upon such issues. It is true the appellant and three other witnesses testified that J. H. Eden made the threats as alleged, but J. H. Eden in his testimony unequivocally denied making the same. This testimony of J. H. Eden raised a clear issue of fact. The trial court heard the evidence, and his finding upon the issue controls.

The judgment rendered against appellant may not appeal to this court, but it cannot set aside the judgment of the lower court without disregarding well-settled rules of law.

The motion for rehearing is overruled.