WYATT v. KNUTSON et al.   (No. 2341.)

(Court of Civil Appeals of Texas.   Amarillo.
Oct. 15, 1924.   Rehearing Denied
Nov. 5, 1924.)

1. Appeal and error ⊂⊃931(3) — Where trial court did not file findings of fact, appellate court must impute to court finding sustaining judgment.

Where trial court did not file findings of fact, and was not requested to do so, Court of Civil Appeals must impute to trial court such finding of fact as will sustain judgment, if evidence warrants.

2. Appeal and error ⊂⊃880(3)—Appeal by one defendant from judgment for plaintiff precluded consideration of judgment against such defendant in favor of codefendant.

Where, in action against W. and S. cause of action claimed by W. against S. was separate and distinct from plaintiff's action against W., appeal of W. from judgment for plaintiff leaves judgment for S. final judgment, so that on such appeal questions involving S.'s judgment cannot be considered.

Appeal from District Court, Wichita County; H. R. Wilson, Judge.

Action by W. K. Knutson against Wiley Wyatt and one Shamburger, first-named defendant interposing cross-action against his codefendant. From a judgment for plaintiff against Wyatt, and from a judgment in favor of defendant Shamburger against both

plaintiff and Wyatt, Wyatt appeals. Affirmed.

Taylor & Taylor, of Wichita Falls, for appellant.

Mathis & Caldwell, of Wichita Falls, for C. D. Shamburger.

Kay, Akin & Kenley, of Wichita Falls, for W. K. Knutson.

RANDOLPH, J.   This suit was brought by appellee Knutson against Wyatt and Shamburger. From a judgment in favor of plaintiff against Wyatt and in favor of defendant Shamburger and against both plaintiff and Wyatt that they take nothing by their suit, the defendant Wyatt has appealed to this court.

It appears from the evidence that plaintiff Knutson was employed by defendant Wyatt to make certain sashes and screens to be placed in a building being erected by Wyatt, and subsequently Wyatt employed Knutson to set same in the building. Pending a delivery of the sashes, etc., and during Knutson's absence from the state of Texas, Shamburger filed suit against Knutson in the justice court for the sum of $143, and caused attachment to be levied upon the sashes. After the levy of the attachment, a party in whose charge Knutson had left the sashes turned them over to Shamburger, who removed them to his premises. Wyatt then purchased them from Shamburger, and used them in his building. Wyatt took a bill of sale from Shamburger containing a warranty clause. The trial court expressly adjudged that the judgment in the justice court in favor of Shamburger and against Knutson was null and void, and rendered judgment in favor of plaintiff for $1,150 against defendant Wyatt, and rendered judgment in favor of Shamburger that plaintiff and defendant Wyatt take nothing by their suit as against him.

[1] Appellant's first proposition is that the trial court erred in rendering judgment for any amount in excess of $35, for the reason that the undisputed proof showed that this amount was all that was owing by Wyatt to plaintiff.

It does not appear that the trial court was ever requested to file findings of fact, or that such findings were filed by the court. Hence we must impute to the court such finding of fact as will sustain the judgment, if there is any evidence to authorize us in so doing. Hull v. Woods, 14 Tex. Civ. App. 590, 38 S. W. 256; Gaal v. Eden (Tex. Civ. App.) 255 S. W. 683.

While appellant insists that the undisputed facts support his proposition, we do not find this to be true. Knutson testified that the consideration for the contract he made with Wyatt was, first, for the sashes for the office windows, and the first and second sto-

ries of the building, second, for the sashes in the third story, and, third, for labor in placing the sashes in the building, totaled $2,585. It is true that this was contested by Wyatt, who claimed to have paid Knutson all that he owed him, except about $200. Taking the credits testified to by Knutson, the court would have found for Knutson, if he believed Knutson instead of believing Wyatt.

[2] Appellant's second proposition presents the question, in substance, that the judgment of the court that defendant Wyatt take nothing as against Shamburger was erroneous because of the warranty contained in the bill of sale, and, there having been a breach of such warranty, defendant Wyatt was entitled to judgment.

We cannot consider this proposition for the reason that it is an attack upon a judgment of the trial court which has not been appealed from. The appeal bond in this case recites the rendition of the judgment in favor of plaintiff Knutson against defendant Wyatt, and from which judgment the defendant Wyatt is appealing to this court. It appears further that the bond is payable to Knutson alone. The cause of action claimed by Wyatt against Shamburger is separate and distinct from that of Knutson against Wyatt, and the appeal from the judgment in favor of Knutson leaves the judgment in favor of Shamburger as a final judgment. Hence Shamburger is not before this court, and questions involving his part of the judgment cannot be considered by us. Burleson v. Henderson, 4 Tex. 60; Bradford v. Taylor, 64 Tex. 171; Boone v. Hulsey, 71 Tex. 176, 9 S. W. 531; Lauchheimer v. Coop, 99 Tex. 386, 89 S. W. 1061, 90 S. W. 1098; First National Bank v. Preston National Bank, 3 Tex. Civ. App. 545, 22 S. W. 1048, 24 S. W. 668.

The judgment of the trial court is therefore affirmed.