### PILLOW v. McLEAN. *
No. 4463.

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1935.

Rehearing Denied Oct. 21, 1935.

W. H. Russell, of Hereford, for appellant.

Cowsert & Cowsert, of Dimmitt, for appellee.

HALL, Chief Justice.

The appellee, Mrs. McLean, filed this suit in trespass to try title to recover title and possession of the west one-half of section No. 38, in block O-4, Castro county.

The defendant answered by general demurrer, plea of not guilty, and by way of cross-action sought to recover damages by reason of the alleged breach of an executory contract for the sale of said land executed by the parties on January 14, 1929. The contract is attached to and made a part of defendant's answer. He prayed that in the event plaintiff should recover the land, that he have judgment over against her for all sums of money he had paid, together with the value of the improvements he had placed upon the land, and interest, with costs of suit.

The plaintiff replied by supplemental petition, which contains a general demurrer to the cross-action and several special exceptions. Exception No. 7, which was sustained by the court, is as follows: "Plaintiff specially excepts to all that part of defend-ant's cross-action filed herein, wherein he alleges the breach of contract and seeks damages for such breach, because it appears from the face of defendant's pleading that defendant's right of action under said contract accrued more than four years before the filing of said cross-action, or the filing of this suit, and that the same is barred by the statute of limitation, and of this she prays judgment of the court."

The judgment recites that the court heard and sustained plaintiff's general demurrer and special exception No. 7 to the defendant's cross-action; that the defendant refused to amend; and that the cross-action was in all things dismissed. It further recites that the court then heard the case upon its merits; and based upon plaintiff's evidence and defendant's admission in open court that plaintiff had title to the land in question and was entitled to possession thereof, the court then decreed that Mrs. McLean recover from the defendant, Fred Pillow, the title and possession of the land in controversy, and that Pillow take nothing by reason of his cross-action. It further recites that to the ruling of the court sustaining plaintiff's general demurrer and special exception No. 7 to defendant's cross-action and dismissing said cross-action, the defendant excepted and gave notice of appeal to this court.

■ The judgment is a separable one, and the rule is that either party may appeal from any part of the judgment which is adverse to such appellant. Slaughter v. Texas Life Ins. Co. (Tex. Civ. App.) 211 S. W. 350; 3 Tex. Jur. § 131. The appellant did not except to that part of the judgment which awarded the title and possession of the premises to Mrs. McLean, nor was any notice of appeal given as to that part of the decree. A bond on appeal was filed by appellant in the sum of $500, which recites: "Now therefore, we, the said Fred Pillow, as acknowledge ourselves bound to pay to Mrs. Rosa McLean, appellee principal, and the undersigned as sureties. * * *"

The bond is then conditioned as the law directs: "And further conditioned that such appellant, Fred Pillow, shall in case the judgment is affirmed pay to the appellee, Mrs. Rosa McLean, the value of the rent or hire of such property in any suit which may be brought therefor."

The only description of the judgment appealed from is as follows: "On November

7th, 1934, the plaintiff, Mrs. Rosa McLean, recovered a judgment against the defendant, Fred Pillow, in trespass to try title for the title and possession of the following described land lying and being situated in Castro County, Texas, to-wit. * * * "

That part of the judgment which sustains the exception to the appellant's cross-action and dismisses it is not mentioned in the bond. Appellant cannot appeal from that part of the judgment rendered in the trespass to try title branch of the case, first, for the reason that no exception is taken to it, and no notice of appeal given, and for the further reason that according to the recitation in the judgment he admitted that Mrs. McLean had the right to recover the title and possession of the premises. It is settled law that neither party can appeal from an agreed judgment. Pair v. Buckholt (Tex. Civ. App.) 60 S.W. (2d) 463.

Moreover, he has not appealed from that part of the judgment sustaining the demurrer and exceptions to his cross-action. While he excepted to the ruling of the court and gave notice of appeal from that part of the judgment, he has not filed either a supersedeas bond or cost bond on appeal from that portion of the judgment, for, as stated, the bond recites that appellant desires to appeal from the judgment in trespass to try title.

The defects in the bond quoted above might be subject to amendment under Revised Statutes, art. 1840, and Vernon's Annotated Civil Statutes, art. 1840—A, but an amendment of that bond would not avail appellant anything because he did not except to that part of the judgment, nor give notice of appeal. The condition is simply this: Appellant excepted to the action of the trial judge in sustaining the demurrer and exceptions to his cross-action and dismissing it, and gave the required notice of appeal, but failed to file any bond appealing from that portion of the judgment. So, Revised Statutes, art. 1840, has no application. A motion to amend a bond which was not filed in the court below must be overruled. You can not amend an instrument which never had any existence. Brown v. Gorman Home Refinery (Tex. Civ. App.) 276 S. W. 787; Washita Ranger Oil Co. v. Disney (Tex. Civ. App.) 264 S. W. 630; Estes v. Estes, 54 Tex. Civ. App. 561, 118 S. W. 174; Kolp v. Shrader (Tex. Civ.

App.) 168 S. W. 464; **3** Tex. Jur. 346, § 242, note 13.

Appellant had no right to appeal from the judgment in trespass to try title because he did not except to it and gave no notice of appeal from it. He filed no bond in an attempt to appeal from the other part of the judgment, therefore this court has **no** jurisdiction of the issues presented.

The appeal is therefore dismissed.