Monte FITE, Appellant,

v.

Peggy JOHNSON, Appellee.

No. 05–83–00560–CV.

Court of Appeals of Texas, Dallas.

June 16, 1983.

the commission of the offense. *Singletary v.*     *State,* 509 S.W.2d 572 (Tex.Cr.App.1974).

Ronald L. Phillips, Kelsey, Gregory, Hoit & Phillips, Denton, for appellant.

Charles W. Yuill, Dallas, for appellee.

Before AKIN, SPARLING and GUILLOT, JJ.

AKIN, Justice.

Monte Fite appeals from a judgment rendered against him in the county court. Peggy Johnson, the appellee, moves to dismiss the appeal, contending that we lack jurisdiction over this case since the appeal bond was not timely filed. Because we agree with Johnson, we grant the motion and dismiss the appeal.

The judgment was signed on March 3, 1983. No motion for new trial was filed. Pursuant to Tex.R.Civ.P. 356(a), the bond was due on April 4, 1983, but no bond was filed by that date. However, on April 15, within the fifteen-day period allowed by Rule 356(b), Fite filed in the trial court a motion to extend time for filing the cost bond and also tendered an appeal bond in that court. Johnson opposed the motion, arguing that the trial court lacked jurisdiction to grant the requested extension. No hearing was had in the trial court on the motion, but the bond was filed and was approved by the clerk. No motion to ex-

tend was filed in this court within the fifteen-day period. Thus, our question is whether the appeal bond filed in the trial court is a nullity or whether it is a defective appeal bond subject to amendment under the provisions of rule 430. We conclude that the bond filed in the trial court is a nullity.

An appeal bond is due within thirty days after the judgment is signed, Rule 356(a), and the failure to timely file the bond in the trial court creates a jurisdictional defect in the appeal. *Zidell v. NHP Real Estate Co.*, 643 S.W.2d 199, 200 (Tex. App.—Austin 1982, no writ). Nevertheless, a party may obtain an extension of time to file the bond from the appellate court, so long as the bond is filed in the trial court within fifteen days after the last day for filing the bond and a motion to extend the time is filed in the appellate court within the same period. In this respect, Rule 356(b) provides:

An extension of time may be granted by the appellate court for late filing of a cost bond or making the deposit required by subdivision (a) or for filing the affidavit, if such bond is filed, deposit is made, or affidavit is filed within fifteen days after the last day allowed and, within the same period, *a motion is filed in the appellate court reasonably explaining the need for such extension.* [emphasis added].

Also, Rule 352 provides: "The term 'appellate court' includes the Supreme Court or the Court of Civil Appeals having jurisdiction of the cause appealed." Accordingly, we hold that a motion to extend time for filing the appeal bond filed in the trial court does not satisfy the requirements of Rule 356(b) and that a trial court cannot extend the time for filing the bond since it has no jurisdiction so to do.

Because the time permitted for an extension by rule 356(b) has expired, we have no discretion under rule 430 to permit filing of the bond in this court. Although rule 430 grants us discretion to permit a party to amend a defective bond, that rule

does not replace the requirement that the appealing party file a motion to extend in this court within the time prescribed by Rule 356. *See Bean v. Hardware Mutual Casualty Co.,* 349 S.W.2d 284, 287 (Tex.Civ. App.—Beaumont 1961, writ ref'd n.r.e.). *See also, Estes v. Estes,* 54 Tex.Civ.App. 561, 118 S.W. 174, 175 (1909, no writ); *First Nat. Bank of Decatur v. Preston Nat. Bank,* 3 Tex.Civ.App. 545, 24 S.W. 668 (1893, no writ). Because an appeal bond filed within the ambit of the rules is jurisdictional and no appeal bond has been filed within the time permitted, with a proper motion in this court, we lack jurisdiction of this appeal. Accordingly, we dismiss the appeal.