**Charles Neal MILLER, Appellant,**

v.

**Ti Shia J. MILLER, Appellee.**

**No. 6–93–012–CV.**

Court of Appeals of Texas,
Texarkana.

Feb. 23, 1993.

Mark Lesher, Texarkana, for appellant.

Rick Rogers, Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

PER CURIAM.

The transcript received in this case appears to have a defect with regard to perfection of the appeal. The divorce decree was signed on October 10, 1992, and a timely motion for new trial was filed. The cost bond was therefore due on January 14, 1993. *See* Tex.R.App.P. 41(a)(1). The record indicates that the required bond was not filed until January 29, 1993. Tex. R.App.P. 41(a)(2) provides that an extension of time for the late filing of a cost bond may be granted by an *appellate* court if such bond is filed not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the *appellate* court reasonably explaining the need for such extension. The bond was filed within the requisite fifteen-day period, but no request for late filing of the bond was filed in *this* Court.

■ The transcript includes a motion to extend the time to file the cost bond. That motion was filed in the *trial court* on January 29, 1993, but should have been filed in this *appellate* court. *See* Tex.R.App.P. 41(a)(2).

This Court has no authority to act upon a request for relief erroneously filed in another court lacking authority to grant that relief. *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426 (Tex.App.—Dallas 1988, no writ), *citing Fite v. Johnson,* 654 S.W.2d 51 (Tex.App.—Dallas 1983, no writ) (a court of appeals cannot grant a motion to extend the time to file a cost bond when the motion has been timely, but erroneously, filed in the trial court).

We would prefer to reach the merits of this and similar cases, but we consider ourselves bound by the clear and mandatory language of Rule 41(a)(2) that the motion for extension of time to file an out-of-time cost bond must be filed in the *appellate* court. We invite the Texas Supreme Court to revisit Rule 41 and to consider amending the language of that rule so as to give appellate courts discretion to act on a timely filed motion for extension of time to file a bond, erroneously filed in the trial court, when the bond itself was properly filed pursuant to the rules.

■ The time for filing the cost bond in the instant case has expired, and we have no discretion to permit the late filing of the bond. Although Tex.R.App.P. 46(f) grants

us discretion to permit the amendment of a defective bond, the rule does not replace the requirement of Rule 41 that the appellant file in an *appellate* court a motion to extend the time for filing. *See Fite v. Johnson*, 654 S.W.2d at 52.

The proper filing of a cost bond is jurisdictional. The bond filed in this case was not accompanied by a motion filed in *this* Court for extension of time to file the bond in the trial court. We therefore dismiss the appeal for want of jurisdiction.