IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-682-CV





MATTHEW KARL HARNEST,



 APPELLANT


vs.





TIMNA G. HARNEST,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY



NO. 93-252-FC1, HONORABLE TIMOTHY G. MARESH, JUDGE PRESIDING



 





PER CURIAM



 Matthew K. Harnest seeks to appeal from a judgment rendered by the county court
at law of Williamson County on September 16, 1993. Harnest has filed the following motions in
this Court: (1) a motion to extend the time to file a cost bond, (2) a motion to extend the time to
file a transcript and statement of facts, (3) an amended motion to extend the time to file a cost
bond, and (4) a second amended motion to extend the time to file a cost bond. (1) We will grant the
second amended motion to extend the time to file the cost bond, dismiss the original and amended
motions to extend time to file the cost bond, overrule the motion to extend the time to file a
transcript and statement of facts, and dismiss the appeal.

 Because Harnest filed a timely motion for new trial, he was required to perfect his
appeal no later than December 15, 1993. Tex. R. App. P. 41(a)(1). He timely tendered in this
Court a motion to extend the time to file a cost bond on December 28, 1993. Tex. R. App. P.
41(a)(2). The motion did not show, however, that Harnest had also filed a cost bond within the
required time with the county clerk of Williamson County. See Tex. R. App. P. 41(a)(2); Miller
v. Miller, 848 S.W.2d 344, 344 (Tex. App.--Texarkana 1993, no writ); Fite v. Johnson, 654
S.W.2d 51, 52 (Tex. App.--Dallas 1983, no writ).

 Instead, the Clerk of this Court received an original appeal bond relating to the
underlying cause on December 30, 1993. The Clerk forwarded the bond to the county clerk of
Williamson County that day. On February 23, 1994, we requested Harnest to supplement his
amended motion to extend time to file a cost bond with a copy of the cost bond sworn to or
certified by the county clerk of Williamson County. See Tex. R. App. P. 19(d), 41(a)(2), 73(d). 
On March 10, the Clerk filed a second amended motion to extend the time that included the
requested copy of the cost bond showing that the county clerk filed the bond on January 4, 1994.

 Although irregular, we consider the cost bond timely filed pursuant to the "mailbox
rule," Texas Rule of Appellate Procedure 4(b). The Clerk of this Court mailed the cost bond,
properly addressed to the county clerk of Williamson County, by first-class United States mail and
deposited the bond in the mail on December 30, 1993, the fifteenth day after the bond was due. 
See Tex. R. App. P. 4(b), 41(a)(2). The county clerk received the bond within ten days of
December 30. Accordingly, we will grant Harnest's second amended motion to extend the time
to perfect his appeal.

 Nevertheless, we determine to dismiss the appeal because it is before this Court
without a transcript or statement of facts. The record was due to be filed in this Court no later
than January 14, 1994, one hundred twenty days after the trial court signed the judgment. Tex.
R. App. P. 54(a). A motion for extension of time was due no later than January 31, 1994. Tex.
R. App. P. 54(c). Harnest filed his motion to extend time to file the statement of facts and
transcript on February 7, 1994.

 This Court has no jurisdiction to consider a late-filed motion for extension of time
to file the record. Office of Pub. Util. Counsel v. Public Util. Comm'n, 859 S.W.2d 71, 72 (Tex.
App.--Austin 1993, writ requested); Wells v. Kansas Univ. Endowment Ass'n, 825 S.W.2d 483,
487 (Tex. App.--Houston [1st Dist. 1992, writ denied); see Trans-Continental Properties, Ltd. v.
Taylor, 717 S.W.2d 890, 891 (Tex. 1986); B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d
860, 862 (Tex. 1982). Accordingly, we have no jurisdiction to consider the motion filed more
than fifteen days after the record was due in this Court and must overrule it.

 By letter dated February 23, 1994, the Clerk of this Court notified Harnest that the
Court had not received the record and that the motion to extend the time appeared to be untimely
filed. Harnest was asked to tender a motion showing a basis for continuing the appeal in light of
the late motion and the absence of a record by March 10, 1994. See Tex. R. App. P. 60(a)(2). 
Although the Court recognizes his financial difficulties, he has not provided sufficient reasons to
overcome the absence of a record on which to base the appeal. Because Harnest has not provided
this Court any record to review, we may dismiss the appeal. Tex. R. App. P. 54(a); Taylor, 717
S.W.2d at 891; Western Credit Co. v. Olshan Enters., Inc., 714 S.W.2d 137, 138 (Tex.
App.--Houston 1986, no writ); Veale v. Rose, 688 S.W.2d 600, 601 (Tex. App.--Corpus Christi
1984, writ ref'd n.r.e.); see Tex. R. App. P. 50(d) (appellant has burden to present sufficient
record to show error requiring reversal).

 We grant the March 10 second amended motion to extend the time to file a cost
bond and dismiss the December 28 original and February 7 amended motion. We overrule the
February 7 motion to extend the time to file a statement of facts and transcript. The appeal is
dismissed.


Before Justices Powers, Aboussie and Jones

Appeal Dismissed

Filed: March 30, 1994

Do Not Publish
1. [1] Counsel for appellee Timna G. Harnest has not responded to any of these motions.