TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00065-CV







Timothy Hatchett, Appellant



v.



Texas State Teachers Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 93-07210, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM


 Appellant Timothy Hatchett seeks to appeal from an adverse summary judgment
rendered in his suit against appellee Texas State Teachers Association. On January 30, 1995, the
Clerk of this Court filed Hatchett's "amended" motion for an extension of time within which to
perfect an appeal and docketed the appeal. See Tex. R. App. P. 18, 57(a). Hatchett had filed the
original motion for an extension of time with the district clerk of Travis County. Because
Hatchett filed the motion in this Court untimely, we have no jurisdiction to grant an extension and
must dismiss the appeal.

 The trial court signed the judgment on October 3, 1994; Hatchett filed a timely
"Motion to Reconsider." (1) Tex. R. Civ. P. 329b(a), (g). Hatchett's cost bond was then due to be
filed with the district clerk of Travis County by January 3, 1995. To obtain an extension,
Hatchett must have filed a motion for extension in this Court and his appeal bond with the district
clerk by January 18. Tex. R. App. P. 41(a); El Paso Sharky's Billiard Parlor, Inc. v. Amparan,
831 S.W.2d 3, 4 (Tex. App.--El Paso 1992, writ denied); Fite v. Johnson, 654 S.W.2d 51, 52
(Tex. App.--Dallas 1983, no writ). Hatchett filed the appeal bond and the motion with the district
clerk on January 18. He did not submit a motion to this Court until January 30, beyond the Rule
40(a)(2) deadline.

 This Court has no jurisdiction to consider a late-filed motion for an extension of
time to perfect the appeal. Miller v. Miller, 848 S.W.2d 344, 344 (Tex. App.--Texarkana 1993,
no writ); Fite, 654 S.W.2d at 52; see B.D. Click Co. v. Safari Drilling Corp., 638 S.W.2d 860,
862 (Tex. 1982). Unless the perfecting instrument and the motion for an extension are filed
within the fifteen-day period, the appellate court has no jurisdiction over the appeal. Ludwig v.
Enserch Corp., 845 S.W.2d 338, 340 (Tex. App.--Houston [1st Dist.] 1992, no writ). The motion
filed with the district clerk, although timely, does not satisfy the Rule 41(a)(2) requirement that
the motion be filed in the appellate court. Miller, 848 S.W.2d at 344; Fite, 654 S.W.2d at 52;
see Amparan, 831 S.W.2d at 5.

 Accordingly, we have no authority to grant the motion to extend the time to perfect
the appeal and overrule the "amended" motion filed in this Court on January 30 and the
supplement to the motion. Because the timely filing of the appeal bond is jurisdictional and
Hatchett has not filed the appeal bond timely, we have no jurisdiction over the appeal. (2) Davies
v. Massey, 561 S.W.2d 799, 800-01 (Tex. 1978); Miller, 848 S.W.2d at 345. The appeal is
dismissed for want of jurisdiction.


Before Justices Powers, Kidd and B. A. Smith

Dismissed for Want of Jurisdiction

Filed: March 15, 1995

Do Not Publish

1. [1]  The October 3 judgment disposed of all remaining parties and issues before the court and,
therefore, was a final judgment. Mafrige v. Ross, 866 S.W.2d 590, 592 (Tex. 1993). Texas Rule
of Appellate Procedure 329b(g) provides, "A motion to modify, correct, or reform a judgment
. . . shall extend the trial court's plenary power and the time for perfecting appeal in the same
manner as a motion for new trial." Because Hatchett's motion to reconsider, if granted, would
result in a substantive change in the judgment, the motion was one within the terms of Rule
329b(g). Brazos Elec. Power Coop., Inc. v. Callejo, 734 S.W.2d 126, 128 (Tex. App.--Dallas
1987, no writ) (opinion on motion to dismiss).
2. [2]  Because we have no jurisdiction over the appeal, we dismiss Hatchett's motion to extend
the time to file the record in this cause.