Cumby v. Texas Property & Cas 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00650-CV







Mack Cumby and Hurlis Williams, Appellants



v.



Texas Property and Casualty Insurance Guaranty Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 94-04796, HONORABLE PAUL DAVIS, JUDGE PRESIDING







PER CURIAM


 Appellants Mack Cumby and Hurlis Williams move this Court to extend the time
to perfect their appeal. See Tex. R. App. P. 41(a)(2). The transcript tendered to this Court
shows that the trial court signed its judgment in favor of appellee Texas Property and Casualty
Insurance Guaranty Association on September 18, 1995. Because no motion for new trial or other
extending motion was filed, appellants were required to perfect their appeal by October 18, 1995. 
Tex. R. App. P. 41(a)(1). A motion to extend the time to perfect appeal was due fifteen days
later, or November 2. Tex. R. App. P. 41(a)(2). Appellants filed an affidavit of inability to pay
costs of appeal in the trial court on November 3. They mailed their motion to extend time to
perfect appeal to this Court on November 2, and it was filed here on November 6. 

 Appellants' extension motion was timely filed in this Court by virtue of the
"mailbox rule." Tex. R. Civ. P. 5; Tex. R. App. P. 4. But unless both the perfecting instrument
and the extension motion are filed within the fifteen-day period, the appellate court has no
jurisdiction over the appeal. Ludwig v. Enserch Corp., 845 S.W.2d 338, 340 (Tex. App.--Houston
[1st Dist.] 1992, no writ). On the same day that they filed their affidavit of inability, appellants
also filed a notice of appeal. Filed with the notice of appeal is a Federal Express airbill showing
a mailing date of November 1, 1995. Mailing a perfecting instrument by a private courier, rather
than by the United States postal service, does not entitle appellants to the benefit of the "mailbox
rule." Tex. R. Civ. P. 5; Tex. R. App. P. 4; see Carpenter v. Town v. Country Bank, 806
S.W.2d 959, 960 (Tex. App.-- Eastland 1991, writ denied). Appellants therefore failed to comply
with Rule of Appellate Procedure 41(a)(2) by filing their perfecting instrument within fifteen days
after it was due. Tex. R. App. P. 41(a)(2).

 Because appellants did not file their perfecting instrument within the required
fifteen days, we overrule the motion to extend time to perfect the appeal. Because the timely
perfection of an appeal is jurisdictional, we lack jurisdiction over the appeal. Davies v. Massey,
561 S.W.2d 799, 800-01 (Tex. 1978); Miller v. Miller, 848 S.W.2d 344, 345 (Tex.
App.--Texarkana 1993, no writ). We therefore dismiss the appeal for want of jurisdiction. Tex.
R. App. P. 60(a)(2).


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: December 20, 1995

Do Not Publish