**In re J.A.**

No. 05–99–01030–CV.

Court of Appeals of Texas, Dallas.

Aug. 16, 2001.

Deborah Farris, Dallas, for appellant.

Melanie Barton, Assistant District Attorney, Civil Section, Dallas, for appellee.

Before Chief Justice THOMAS and Justices JAMES and SPECTOR.[1]

## OPINION

Opinion by Justice SPECTOR (Retired).

In a single point of error, appellant J.A. challenges the sufficiency of the evidence supporting the trial court's order committing appellant for temporary mental health services pursuant to section 574.03 of the Texas Health and Safety Code. Appellee, the State of Texas, did not file a brief. For the reasons that follow, we conclude we lack jurisdiction over this appeal.

### Jurisdictional Facts

On May 20, 1999, the probate court signed an order committing appellant to Terrell State Hospital for a period not to exceed ninety days. On June 1, 1999, appellant's counsel filed a "Motion for Reexamination of JA, and Motion for Rehearing and Motion for New Trial," which states, in part:

> J.A. has been counseled and informed by her attorney of procedures and time periods for appeal to the Court of Appeals. Per instructions of J.A., to counsel, she desires only a rehearing or new trial of this case and does not desire to appeal this cause at this time.

The record contains no written order granting or denying the motion for new trial.

On June 9, 1999, which was twenty days after the judgment was signed, appellant filed a notice of appeal in the trial court. Appellant's notice of appeal in the trial court states she also filed it with this Court on June 9, 1999. However, we first received a copy of appellant's notice of appeal thirty-three days after the judgment was signed as an attachment to her

1. The Honorable Rose Spector, Retired, Supreme Court of Texas, sitting by assignment.

June 23, 1999 docketing statement. Appellant's notice of appeal further asserts it is timely because it was filed on the ninth day following the overruling of the motion for new trial; however, the notice of appeal states J.A. "has filed" a motion for leave to file a late notice of appeal out of an abundance of caution. Again, contrary to statements in the notice of appeal in the trial court, this Court has not received any motion for leave to file a late notice of appeal. Although the appellate record contains appellant's "Motion for Leave of 15 Days to File Notice of Appeal," this document is not file-stamped nor does it contain any other indication of filing. Nevertheless, on July 15, 1999, the trial court signed an order purporting to grant appellant's motion for leave.

### Applicable Law

To appeal a temporary commitment order, the legislature has mandated that a "[n]otice of appeal must be filed not later than the 10th day after the date on which the order is signed." TEX. HEALTH & SAFETY CODE ANN. § 574.070(b) (Vernon 1992). The statute makes no provision for an extension of this deadline. One of our sister courts, however, has concluded the extension provisions of rule 26.3 of the Texas Rules of Appellate Procedure apply to appeals from temporary commitment orders. *See Johnstone v. State,* 988 S.W.2d 950, 956 (Tex.App.—Houston [1st Dist.] 1999), *rev'd on other grounds,* 22 S.W.3d 408 (Tex.2000) (per curiam). The supreme court did not expressly address the rule 26.3 issue when it reversed our sister court. *See Johnstone,* 22 S.W.3d at 409–11. However, by reaching the merits of the *Johnstone* appeal, the supreme court implicitly concluded it had jurisdiction over the appeal.

■ In *Johnstone,* the appellant filed his notice of appeal twenty days after the commitment order was entered, along with a timely rule 26.3 request in the court of appeals to file a late notice of appeal. *See Johnstone,* 988 S.W.2d at 956. Because the notice of appeal was filed ten days after the time allowed by statute, the supreme court could only have acquired jurisdiction if it concluded the extension provisions of rule 26.3 applied. *See* TEX. R.APP. P. 26.3. Accordingly, we conclude rule 26.3 of the Texas Rules of Appellate Procedure applies to appeals of temporary commitment orders.

### Application of the Law to the Facts

■ The temporary commitment statute provides a mandatory ten days to file an appeal from the date of the commitment order. TEX. HEALTH & SAFETY CODE ANN. § 574.070. The statute does not make any provision for requesting a new trial. Although appellant's motion for new trial would ordinarily extend the appellate timetable for filing a notice of appeal, *see* TEX.R. CIV. P. 324 *and* TEX.R.APP. P. 26.1, the supreme court has concluded that the statutory scheme for appeals of temporary commitment orders supercedes the appellate timetable established by these two procedural rules. *Johnstone,* 22 S.W.3d at 411. Accordingly, the appellate timetable in this case is unaffected by appellant's motion for new trial. Because appellant's notice of appeal was filed more than ten days after the date the commitment order was signed, her appeal was untimely.

■ To obtain an extension of this appeal deadline, appellant was required to comply with rule 26.3, which provides:

> Extension of Time. The *appellate court* may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party: (a) files in the trial court the notice of appeal; and (b) *files in the appellate court* a motion complying with Rule 10.5(b).

Tex.R.App. P. 26.3 (emphasis supplied). Appellant failed to comply with the express language of this rule when she did not file her extension motion with this Court. Although she apparently filed an extension motion in the court below, we have no authority to rule on a timely motion filed in another court when that court has no authority to act on the motion. *Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426, 438 (Tex.App.—Dallas 1988, no writ), *disapproved on other grounds by Palmer v. Coble Wall Trust Co., Inc.,* 851 S.W.2d 178, 182 (Tex.1992); *see also Fite v. Johnson,* 654 S.W.2d 51, 52 (Tex.App.—Dallas 1983, no writ) (holding timely request for extension of time to file cost bond under now-repealed rule 356 of the rules of civil procedure ineffective because it was filed in the trial court).

■ Additionally, the fact that the trial court granted appellant's extension request is irrelevant. A trial court is without authority to extend the deadline to file a notice of appeal under rule 26.3 because the rule expressly reserves that determination for the court of appeals. *See* Tex. R.App. P. 26.3; *Fite,* 654 S.W.2d at 52 (noting trial court had no jurisdiction to grant the request to extend the time to file cost bond under now-repealed rule 356 of the rules of civil procedure). Accordingly, we conclude the trial court's order in the instant case purporting to grant the extension motion is void and of no effect because the trial court exceeded its jurisdiction. *See Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990) (per curiam) ("A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.").

■ We conclude appellant failed to comply with the express provisions of rule 26.3 providing for a motion for extension of time to file her notice of appeal. We also conclude no motion for extension of time may be implied under these circumstances.

Prior to the enactment of our current rules of appellate procedure, a party generally invoked the appellate jurisdiction of a court of appeals by filing either an appeal bond, cash, or an affidavit in lieu of bond within a specified number of days after the signing of the appealed order or judgment. *See* Tex.R.App. P. 41(a)(1) (Vernon Supp.1997, repealed 1997).[2] Like our current appellate rules, our former rules provided a period of fifteen days to request an extension of time to file the appeal-invoking instrument. *See id.* at 41(a)(2); *see also* Tex.R.App. P. 26.3. In *Verburgt v. Dorner,* 959 S.W.2d 615 (Tex. 1997), the supreme court held "a motion for extension of time is necessarily implied when an appellant acting in good faith files a bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(1)(2)." *Id.* at 617. Although this Court has yet to apply in a published opinion the reasoning of *Verburgt* to the notices of appeal required to perfect an appeal under our new rules, several of our sister courts have done so. *See, e.g., Chilkewitz v. Winter,* 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.) (per curiam); *Indus. Servs. U.S.A., Inc. v. Am. Bank, N.A.,* 17 S.W.3d 358, 359 (Tex. App.—Corpus Christi 2000, no pet.) (per curiam); *Smith v. Houston Lighting & Power Co.,* 7 S.W.3d 287, 288 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Kidd v. Paxton,* 1 S.W.3d 309, 310 (Tex.App.—Amarillo 1999, pet. denied) (op. on reh'g).

2. The Texas Rules of Appellate Procedure were renumbered and substantially revised on September 1, 1997. *See* 60 Tex. B.J. 876 (1997).

However, because we conclude *Verburgt* is distinguishable, it is inapplicable to the instant appeal.

In *Verburgt*, the appellant's attorney failed to file a motion for extension of time to file his appeal bond because he believed he had timely filed his client's appeal. The supreme court concluded in such a situation the appellate rules will imply an extension request with the filing of an appeal bond. *Verburgt*, 959 S.W.2d at 617. The supreme court then remanded the case to the court of appeals to determine if the appellant "offered a reasonable explanation for his failure to timely file his bond" as required by former Rule 41(a)(2). *Id.* Thus, in *Verburgt* the supreme court concluded that, under certain circumstances, the law would fill the void created by an appellant's inadvertent omission by supplying an "implied" motion for an extension where none existed. Here, however, appellant's counsel—and, thus, appellant—knew the appeal-invoking instrument was late, and she attempted to file a motion for extension of time to permit the late filing. Appellant's counsel drafted a motion, submitted it—albeit improperly—to the trial court, and obtained a ruling—again albeit improperly. Application of the *Verburgt* holding to this case would not only nonsensically "imply" the existence of a document already in existence, but would operate to correct a conscious, overt act by appellant's counsel rather than a mere omission. We will not extend *Verburgt* so far.

We hold appellant failed to timely invoke our jurisdiction under section 574.070 of the Texas Health and Safety Code and failed to avail herself of the extension of time, either expressly or impliedly, allowed by rule 26.3 of our appellate rules. We dismiss this appeal for lack of jurisdiction.