NUMBER 13-02-680-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG


____________________________________________________________________


THE STATE OF TEXAS FOR THE BEST INTEREST 

AND PROTECTION OF J.A.M.

____________________________________________________________________



On appeal from the Probate Court

of Hidalgo County, Texas.


____________________________________________________________________



MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Castillo

Opinion Per Curiam




 Appellant seeks to appeal a judgment of court-ordered mental health services under the health and safety
code. See Tex. Health & Safety Code Ann. § 574.070 (Vernon 1992). However, for the reasons set forth
below, we conclude that we lack jurisdiction over this appeal, and accordingly, dismiss the appeal. 

 Under the Texas Health and Safety Code, the notice of appeal from an order requiring court-ordered mental
health services, or from renewal or modification of an order, must be filed not later than the tenth day after the
date on which the order is signed. See Tex. Health & Safety Code Ann. § 574.070(b) (Vernon 1992);
Johnstone v. State, 22 S.W.3d 408, 410 (Tex. 2000); In re J.A., 53 S.W.3d 869, 871 (Tex. App.-Dallas 2001,
no pet.). The trial court's judgment was signed on October 16, 2002, and appellant's notice of appeal was filed
on November 27, 2002, the forty-second day following the signing of the judgment.

 In the instant case, appellant filed a motion for new trial on October 21, 2002, and the trial court denied that
motion on November 18, 2002. However, the appellate timetable is unaffected by appellant's motion for new
trial. A motion for new trial does not extend the appellate timetable for filing notices of appeal of temporary
commitment orders. In re J.A., 53 S.W.3d at 871; see Johnstone, 22 S.W.3d at 410 ("[W]hen a rule of
procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute
and repeals the statute in accordance with the Texas Government Code."). Because appellant's notice of
appeal was filed more than ten days after the date the commitment order was signed, his appeal was untimely. 


 This appeal is DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App. P. 42.3(a). 

 PER CURIAM

Opinion delivered and filed

this the 1st day of May, 2003 .