# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00607-CV

---

**Rhonda Sherene Doerfler O'Donnell, Appellant**

**v.**

**Wilbarger County, Williamson County, and the State of Texas, Appellees**

---

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NOS. 18-1664-K26, MED 2078, MED 2040
### THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Rhonda Sherene Doerfler O'Donnell, acting pro se, has filed a notice of appeal from the district court's order of civil commitment pending criminal charges.[1] *See* Tex. Code Crim. Proc. art. 46B.102(a). Appeals from such orders are treated in the same manner as appeals from court-ordered inpatient mental health services under the health and safety code. *See id*. art. 46B.102(d)(3). Accordingly, the notice of appeal must be filed no later than the tenth day after the date the order is signed. *See* Tex. Health & Safety Code § 574.070(b); *In re J.A.*, 53 S.W.3d 869, 871 (Tex. App.—Dallas 2001, no pet.).

---

[1] O'Donnell has been charged in Williamson County with the offense of aggravated assault with a deadly weapon. The district court found O'Donnell incompetent to stand trial and ordered her committed for twelve months to a maximum-security state mental health facility. O'Donnell indicates in her notice of appeal that she has been committed to the North Texas State Hospital in Vernon, which is in Wilbarger County.

The civil-commitment order in this case was signed by the district court on April 24, 2019. Thus, O'Donnell's notice of appeal was due no later than May 6, 2019. It was not filed until September 3, 2019. Accordingly, the notice of appeal from that order is untimely.[2] *See J.A.*, 53 S.W.3d at 873.

In her notice of appeal, O'Donnell also challenges two medication orders, MED 2078 and MED 2040, that are not in the record before us but that O'Donnell claims were entered in Wilbarger County following her commitment there. *See* Tex. Health & Safety Code § 574.106 (authorizing administration of psychoactive medication to patients who are under court order to receive inpatient mental-health services). However, this Court lacks jurisdiction to review court orders from Wilbarger County. *See* Tex. Gov't Code § 22.201(d) (listing counties within jurisdiction of Third District Court of Appeals), (h) (listing Wilbarger County as within jurisdiction of Seventh District Court of Appeals, located in Amarillo); *see also* Tex. Health & Safety Code § 574.070(a) ("An appeal from an order requiring court-ordered mental health services, or from a renewal or modification of an order, must be filed in the court of appeals for the county in which the order is entered.").

For these reasons, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

---

[2] To challenge the legality of her commitment now, O'Donnell would need to file an application for writ of habeas corpus with the district court that entered the commitment order. *See* Tex. Code Crim. Proc. art. 11.05; *Queen v. State*, 212 S.W.3d 619, 623 (Tex. App.—Austin 2006, no pet.); *see also Ex parte Flint*, No. 03-10-00852-CR, 2013 Tex. App. LEXIS 9090 (Tex. App.—Austin July 25, 2013, no pet.) (mem. op., not designated for publication) (reviewing trial court's denial of habeas relief from commitment order).

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Smith

Dismissed for Want of Jurisdiction

Filed:   September 25, 2019