

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00182-CV

_____

THOMAS SATTERTHWAITE JR. AND JESSICA SHAW, Appellants

V.

FIRST BANK D/B/A FIRST BANK MORTGAGE AND ITS SUCCESSORS AND ASSIGNS, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2020-00263-JP

---

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellants Thomas Satterthwaite Jr. and Jessica Shaw attempt to appeal from the county court's judgment of possession, which was signed on March 16, 2020. Because Appellants did not timely file their notice of appeal, we dismiss their appeal for want of jurisdiction.

Appellee First Bank filed a forcible-detainer action against Appellants, asserting a superior right to possession to a home in Frisco. *See* Tex. Prop. Code Ann. § 24.002. On March 16, 2020, the trial court signed a judgment of possession, finding Appellants "guilty of Forcible Detainer" and ordering that First Bank have possession of the property. The trial court also ordered Appellants evicted from the property and set an "appeal bond" in the amount of "$2,750.00 per month due on the 1st day of the month." *See id.* §§ 24.0061, 24.007; Tex. R. Civ. P. 510.13. Appellants filed a notice of appeal from the judgment of possession on June 16, 2020—92 days after the judgment had been signed.

On July 2, we notified Appellants that because no post-judgment motion had been filed, the notice of appeal had been due no later than April 15; thus, we questioned our jurisdiction over Appellants' attempted appeal. *See* Tex. R. App. P. 26.1, 42.3(a). We warned Appellants that we could dismiss their appeal if they did not respond showing grounds for our jurisdiction. *See* Tex. R. App. P. 44.3. Appellants responded and asserted that on June 5—81 days after the judgment of possession had been signed—they had filed an "emergency motion on the writ of possession" and

2

that the trial court had ruled that they "had until June 15, 2020 at 5:00 p.m. to provide documentation showing the perfection of an appeal." Appellants contend that they believed this acted as an extension of the appellate deadline.

An extension of time to file a notice of appeal may only be granted by this court, not the county court, and must be sought within 45 days of the date of the judgment if no timely post-judgment motion is filed. *See* Tex. R. App. P. 3.1(b), 26.1(a), 26.3; *In re J.A.*, 53 S.W.3d 869, 872 (Tex. App.—Dallas 2001, no pet.). *See generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction."). Even if Appellants' emergency motion regarding the writ of possession were considered to be a post-judgment motion, it was filed more than 30 days after the trial court signed the judgment of possession; thus, the emergency motion did not operate to extend the notice-of-appeal deadline. *See* Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 329b(a). Accordingly, Appellants did not file an effective post-judgment motion, extending the appellate deadline, nor did they file their notice of appeal or an equivalent filing within 30 days of the trial court's judgment of possession. Absent these actions, we do not have jurisdiction over Appellants' appeal and we dismiss it.[1] *See* Tex. R. App. P. 43.2(f);

---

[1]We recognize that the Texas Supreme Court has issued an emergency order regarding the COVID-19 state of disaster that extends filing and service deadlines falling between March 13, 2020, and June 1, 2020. However, this order specifies that the extension "does not include deadlines for perfecting appeal." Tex. Sup. Ct., Misc.

3

*Webb-Goodwin v. Trails of White Rock*, No. 05-18-00145-CV, 2018 WL 1281305, at *1

(Tex. App.—Dallas Mar. 13, 2018, no pet.) (mem. op.).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  July 30, 2020

---

Docket No. 20-9059 (Apr. 27, 2020); *see also* Tex. Sup. Ct., Misc. Docket No. 20-9071
(May 26, 2020) (renewing April 27, 2020 emergency order regarding extensions).