**INDUSTRIAL SERVICES U.S.A., INC., Appellant,**

v.

**AMERICAN BANK, N.A., Appellee.**

**No. 13–00–084–CV.**

Court of Appeals of Texas, Corpus Christi.

April 20, 2000.

---

**1.** The Supreme Court acknowledged that a different rule is applied in criminal cases.

*See Verburgt,* 959 S.W.2d at 616.

Jim David Bickham, Austin, for Appellant.

Scott J. Duncan, Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CHAVEZ.

## OPINION

PER CURIAM.

This is an attempted appeal of a summary judgment granted on January 5, 2000 by the 214th District Court of Nueces County. The notice of appeal was due on February 5, 2000, and any motion to extend time for filing the notice of appeal was due on February 20, 2000. The notice of appeal was filed on February 7, 2000; no motion for extension of time to file the notice of appeal was filed.

To perfect an appeal, a notice of appeal generally must be filed within thirty days after the date the judgment is signed. TEX.R.APP. PROC. 26.1. A motion to extend the time to file a notice of appeal may be filed within fifteen days after the deadline for filing the notice of appeal. TEX.R.APP. PROC. 26.3. The motion for extension of time must contain the facts relied on to reasonably explain the need for an extension. TEX.R.APP. PROC. 10.5(b).

On March 8, 2000, this Court notified appellant's counsel as follows:

> Upon inspection of the clerk's record, it appears that the appeal has not been timely perfected. Pursuant to TEX. R.APP. P. 42.3, you are hereby given notice of this defect so that steps may be taken to correct the defect, if it can be done. If, after the expiration of ten days from the date of receipt of this letter, this defect is not cured, this appeal shall be dismissed.

Appellant has not responded to this notice.

In *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex.1997), the Texas Supreme Court held that "a motion for extension of time is necessarily implied when an appellant acting in good faith files a bond beyond the time allowed by Rule 41(a)(1), but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 41(a)(2)." *Id.* at 617. Although *Verburgt* was decided under the former rules of appellate procedure, the exception has been held applicable to the filing of the notice of appeal under the current rules. *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 288 (Tex.App.—Houston [1st Dist.] 1999, no pet. h.); *Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex.App.—Amarillo 1999, no pet. h.).

However, this judicially-created implication does not extend to the requirement that the movant provide a reasonable explanation why an extension is necessary; it is still necessary to demonstrate facts that reasonably show a need to extend the time for filing the notice of appeal. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex.1998) (applying the *Verburgt* rule to late-filed pauper's affidavit in lieu of appeal bond); *Smith*, 7 S.W.3d at 288–89; *Kidd*, 1 S.W.3d at 310; *Coronado v. Farming Technology, Inc.*, 994 S.W.2d 901, 901–02 (Tex.App.—Houston [1st Dist.] 1999, no pet.).; *Miller v. Greenpark Surgery Center Assoc., Ltd.*, 974 S.W.2d 805, 807–08 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

Appellant has failed to provide this Court with facts that reasonably show the need to extend the time for filing the notice of appeal. We hold this appeal was not timely perfected and dismiss it for want of jurisdiction.