NO. 07-02-0113-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 6, 2002

______________________________

JOYCE M. SPIVEY AND EDDIE W. SPIVEY, APPELLANTS

V.

THE STATE OF TEXAS, BY AND THROUGH 

TEXAS TECH UNIVERSITY, APPELLEE

_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-507501; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appealing from a summary judgment granted in favor of appellee on December 4, 2001, Joyce M. Spivey and Eddie W. Spivey filed their notice of appeal on March 5, 2002.  The Spiveys filed a motion for new trial making their notice of appeal due no later than March 4, 2002.  Tex. R. App. P. 26.1(a)(1).  The Texas Rules of Appellate Procedure allow this Court to extend the time to file a notice of appeal for 15 days following the deadline, if the party filed the notice within the 15-day window and files a motion for extension that reasonably explains the need for the extension.  Tex. R. App. P. 26.3; Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).  A motion for extension of time is necessarily implied when a notice of appeal is filed in good faith within the 15-day window following the deadline.  
Jones
, 976 S.W.2d at 677; 
Verburgt
, 959 S.W.2d at 617.  However, it is still necessary for an appellant to reasonably explain the need for an extension.  
Jones
, 976 S.W.2d at 677; 
Verburgt
, 959 S.W.2d at 617.  

By letter dated April 22, 2002, this Court notified the Spiveys’ counsel, Mr. David Martinez, of the untimely notice of appeal requesting that he show grounds for continuing the appeal within ten days.  Tex. R. App. P. 42.3.  Counsel failed to respond to this Court’s notice. 
See
 Chilkewitz v. Scott Winter, M.D., et al., 25 S.W.3d 382, 383 (Tex.App.–Fort Worth 2000, no pet.); Industrial Services U.S.A. v. American Bank, 17 S.W.3d 358, 359 (Tex.App.–Corpus Christi 2000, no pet.); Kidd v. Paxton, S.W.3d 309, 310 (Tex.App.–Amarillo 1999, pet. denied).

Accordingly, the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis

    Justice

Do not publish.