In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00005-CV


______________________________






IN RE ESTATE OF 



JAMES DONALD LOVELESS, DECEASED








 


On Appeal from the 62nd Judicial District Court


Franklin County, Texas


Trial Court No. 9149




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Rosa Loveless appeals the trial court's judgment in favor of Wanda Loveless in an action to
determine the heirs of James Donald Loveless, who died intestate in a traffic accident. The trial
court signed the judgment on November 19, 2002. Rosa had to file a notice of appeal by
December 19, 2002. See Tex. R. App. P. 26.1. Rosa filed her notice of appeal on January 10, 2003. 
Therefore, her appeal is untimely.

 Rosa filed a motion for extension of time in which to file her notice of appeal on January 10,
2002, in which she asserts she did not receive notice of the judgment until December 31, 2002. The
rules allow this Court to extend the time for filing a notice of appeal if, within fifteen days after the
deadline for filing the notice of appeal, a party files the notice of appeal in the trial court and files
a motion in this Court requesting an extension of time. Tex. R. App. P. 26.3.

 In Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997), the Texas Supreme Court held,
under the Rules of Appellate Procedure then extant, that a motion for extension is implied when an
appellant, acting in good faith, files an appeal bond after the time allowed by the rules, but still
within the time for filing a request for an extension. Courts since Verburgt have applied its
reasoning under a later version of the Rules of Appellate Procedure to notices of appeal filed within
fifteen days of the last day for filing a notice of appeal. See, e.g., Chilkewitz v. Winter, 25 S.W.3d
382, 383 (Tex. App.-Fort Worth 2000, no pet.) (per curiam); Indus. Servs. U.S.A., Inc. v. Am. Bank,
N.A., 17 S.W.3d 358, 359 (Tex. App.-Corpus Christi 2000, no pet.) (per curiam); Smith v. Houston
Lighting & Power Co., 7 S.W.3d 287, 288 (Tex. App.-Houston [1st Dist.] 1999, no pet.). In those
cases, the courts implied a request for an extension from the late filed notice of appeal and gave the
appellant an opportunity to give a reasonable explanation of the need for an extension.

 This case does not present a situation in which we can imply a request for an extension
because the notice of appeal was filed twenty-two days after it was due to be filed, well beyond the
deadline under the rule for filing a request for an extension. See Tex. R. App. P. 26.3. This Court
is without jurisdiction over the appeal. Rosa's motion to extend is overruled. (1)

 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 22, 2003

Date Decided: January 23, 2003



1. If, as Rosa contends, she did not receive timely notice of the judgment, she may have a
remedy under Tex. R. Civ. P. 306a(4), (5).


e. See, e.g., Murat\
v. Micand, 25 S.W. 312, 313 (Tex. Civ. App. 1894, no writ) (written contract was\
unenforceable because purpose of lease was for operation of house of ill repute, but\
parties nonetheless had landlord-tenant relationship for which landlord could sue for back\
rent). The parties may enter into a contract for sale of the property that provides that the\
parties are related as landlord and tenant in the event of a default, and the buyer thereafter\
defaults on the contract for sale. See, e.g., Martinez v. Daccarett, 865 S.W.2d 161 (Tex.\
App.—Corpus Christi 1993, no writ). Or, in the absence of a fixed term of occupancy or\
a written rental agreement, the landlord\'s transference of occupational possession by\
delivering keys to the tenant may establish a landlord-tenant relationship. See, e.g.,\
Fandey v. Lee, 880 S.W.2d 164, 169 (Tex. App.—El Paso 1994, writ denied). \
                                In this case, Gomez alleged she had a rental agreement with Raines. Such an\
agreement would establish a landlord-tenant relationship between the parties. Once\
Raines failed to appear at trial and the trial court granted a default judgment against her,\
Raines was deemed to have admitted the existence of the landlord-tenant relationship\
given that Gomez\' petition alleged the existence of such.
\
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00037-CV
______________________________


MELISSA RAINES, Appellant
 
V.
 
SONIA GOMEZ, Appellee


                                              

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. CV01-06329


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N
          In 2001, the justice court for precinct 2, place 1, of Hopkins County awarded Sonia
Gomez a judgment of $5,000.00 plus court costs against Melissa Raines. Raines
appealed to the County Court at Law of Hopkins County, but lost on a trial de novo when
she failed to appear at trial. On further appeal to this Court, we found the trial court erred
by granting a default judgment in favor of the plaintiff because Raines had not received
proper notice of the trial setting. We then reversed the trial court's judgment and
remanded the case for a new trial. Raines v. Gomez, 118 S.W.3d 875 (Tex.
App.—Texarkana 2003, no pet.) ("Raines I").


 Our mandate issued December 10, 2003.
          The trial court conducted a new trial November 20, 2003—several days before we
issued our mandate in the earlier appeal. Again, Raines did not attend the trial. The trial
court, once more, granted a default judgment in favor of Gomez,


 which Raines now
appeals and raises twelve points of error.


 We overrule points of error one through eleven,
sustain Raines' final issue, and remand the case for a new hearing on damages.
Errors in Findings of Fact and Conclusions of Law
          In her first and third points of error, Raines challenges the trial court's findings of fact
and conclusions of law. "When reviewing a challenge to the factual sufficiency of the
evidence, we examine the entire record, considering both the evidence in favor of, and
contrary to, the challenged finding." Alenia Spazio, S.P.A. v. Reid, 130 S.W.3d 201, 209
(Tex. App.—Houston [14th Dist.] 2003, pet. filed). "After considering and weighing all the
evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust." Id. 
          The trial court issued the following findings of fact and conclusions of law:
FINDINGS OF FACT
 
1. Melissa Raines failed to appear on November 20, 2003. The whereabouts
of Ms. Raines has [sic] been unknown to the court and the county clerk for
approximately two years. All correspondence by Ms. Raines is through
the mail with no return address. Ms. Raines has continuously refused to
keep the court informed of her whereabouts and all due diligence was
used by the clerk to keep her informed of court dates.
 
2. After no testimony was presented, the trial court deferred to the lower
court's decision.
 
3. The Appellant failed to deposit the monthly rent during the proceedings as
required by the court, with the exception of $200.00, which is one
month[']s rent. The court ordered that sum to be submitted to Appellee.
 
CONCLUSIONS OF LAW
 
1. The court found all procedural requirements, including proper notice[,] was
given by Sonia Gomez to Melissa Raines.
 
2. Sonia Gomez is entitled to back rent and the all [sic] other relief allowed
by law.
 
          In her third point of error, Raines contends the trial court erred by finding she did not
deposit $200.00 into the court's registry. Raines has clearly misunderstood the trial court's
findings: the trial court expressly found Raines had deposited $200.00 into the court's
registry, which it awarded to Gomez in damages. We overrule Raines' third point of error.
          In her first point of error, Raines contends the trial court erred by finding that Raines'
location was unknown. Raines contends she provided the trial court with a rural route
address out of Paris, Texas. In her brief to this Court, Raines does not direct our attention
to any change of address notice in the record. See Tex. R. App. P. 33.1 (record must show
complaint was made to trial court by timely request, objection, or motion that complied with
requirements of Rules of Civil Procedure); Tex. R. App. P. 38.1(h) (brief must contain
appropriate citations to record). Nonetheless, we have independently reviewed the record
and find the record lacks any such notice by Raines.
          The clerk's record, however, does contain no fewer than twenty-seven envelopes
received from Raines, none of which bear her return address. Raines filed various motions
with the trial court—numbering over thirty-five separate filings—but these lack her return
mailing address, even though such is required by the Rules of Civil Procedure. See Tex.
R. Civ. P. 57 (party not represented by attorney shall sign pleadings, state address and
telephone number). 
          We also take judicial notice of Raines' correspondence with this Court, which shows
that none of Raines' envelopes have her return address and that none of her letters include
a return mailing address. See Tex. R. Evid. 201(b) (judicially noticed fact must be one
capable of accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned); Tex. R. Evid. 201(f) (judicial notice may be taken at any stage
of proceeding). Moreover, all of Raines' filings with this Court—most especially her
appellant's brief—fail to include her mailing address and telephone number, even though
such is required by the Rules of Appellate Procedure.


 See Tex. R. App. P. 9.1(b). 
          The record does include one envelope from the county clerk addressed to Raines
at a Paris address. There is, however, no postal cancellation date on the envelope or other
indication showing when the envelope was mailed. Raines invites this Court to speculate
that this single envelope is proof the trial court had notice of Raines' proper mailing
address. However, given the dearth of evidence to support such a conclusion, and
considering the overwhelming weight of the record evidence in this case supporting the trial
court's conclusion that Raines failed to supply the trial court with proper notice of her new
mailing address, we cannot say the trial court's finding of fact on this issue is not supported
by the record. We overrule Raines' first point of error.
Trial De Novo
          In her second point of error, Raines contends the trial court erred by "upholding" the
judgment of the justice court rather than conducting a trial de novo. When a matter is
appealed from a justice court to a county or district court, the cause shall be tried de novo. 
Tex. R. Civ. P. 574b. The record from the justice court, however, is forwarded with the
appeal and becomes part of the record in the trial de novo. See Tex. R. Civ. P. 574. 
          The record in this case shows the trial court called the matter for trial November 20,
2003. Raines failed to appear. The trial court's judgment reflects it rendered a default
judgment based on Raines' failure to appear. A trial court may award a default judgment
to a plaintiff if the defendant fails to appear at trial. Tex. R. Civ. P. 239; In re Parker, 20
S.W.3d 812, 815 (Tex. App.—Texarkana 2000, no pet.). In this case, the trial court acted
pursuant to its express authority under Rule 239. No error occurred.
The Mandate
          In her fourth point of error, Raines contends the trial court lacked jurisdiction to enter
its November 20 judgment because our mandate of reversal in the first appeal had not yet
issued. "A mandate is the official notice of the action of the appellate court, directed to the
court below, advising it of the action of the appellate court and directing [the trial court] to
have [the appellate court's] judgment duly recognized, obeyed, and executed." Lewelling
v. Bosworth, 840 S.W.2d 640, 642 (Tex. App.—Dallas 1992, no writ). However, the
issuance of the appellate court's mandate is unnecessary to render a judgment final. 
Cont'l Gin Co. v. Thorndale Mercantile Co., 254 S.W. 939, 940–41 (Tex. 1923). "The
Texas Rules of Civil Procedure dealing with the issuance and return of the mandate
subsequent to judgment of remand in the [appellate court] are procedural and not
necessary to the jurisdiction of the trial court." Brazzel v. Murray, 481 S.W.2d 801, 803
(Tex. 1972) (citing Cont'l Cas. Co. v. Street, 364 S.W.2d 184 (Tex. 1963)). Accordingly,
the trial court did not lack jurisdiction to conduct a new trial before the issuance of our
mandate. We overrule Raines' fourth point of error.
Lack of Evidence to Support the Judgment
          In her fifth issue, Raines contends the trial court's judgment is not supported by any
evidence because Gomez failed to offer evidence or testimony at trial. "As a general rule,
no evidence is required to support a default judgment." Osteen v. Osteen, 38 S.W.3d 809,
814 (Tex. App.—Houston [14th Dist.] 2001, no pet.). When a default judgment is granted
because a party has failed to appear for trial, "it is said that the non-answering party has
'admitted' the facts properly pled and the justice of the opponent's claim . . . ." Stoner v.
Thompson, 578 S.W.2d 679, 682 (Tex. 1979); see also Osteen, 38 S.W.3d at 814. 
          Raines failed to appear at trial; the trial court properly deemed her failure as an
admission to the facts pled in Gomez' original petition. The evidence is, therefore,
sufficient to support the trial court's judgment.
Notice of Trial Setting
          In her sixth point of error, Raines complains the trial court's judgment should be
reversed because she failed to receive notice of the trial setting when the court mailed the
notice to an address in Sulphur Springs, rather than to a different address. Tex. R. Civ.
P. 21a requires the trial court to mail notices of trial to all litigants "to the party's last known
address." 
          As discussed above, Raines did not file a notice of change of address with the trial
court. The documents she filed with the trial court, as well as the envelopes in which they
were mailed, generally lacked Raines' return address. Raines has not provided her correct
mailing address on any of her correspondence with this Court. The record shows the trial
court mailed notice of the trial setting to Raines' last known address, which was in Sulphur
Springs.


 We overrule Raines' sixth point of error.
Notice To Vacate
          In her seventh point of error, Raines contends the trial court erred in finding Gomez
had, before filing her eviction suit, provided Raines with notice to vacate the property in
question. Tex. Prop. Code Ann. § 24.005(a) (Vernon 2000) requires a landlord to 
give a tenant who defaults or holds over beyond the end of the rental term
or renewal period at least three days' written notice to vacate the premises
before the landlord files a forcible detainer suit, unless the parties have
contracted for a shorter or longer notice period in a written lease or
agreement.

          In her sworn complaint for eviction, Gomez stated, "Plaintiff [Gomez] has given
defendants a written notice to vacate and demand for possession. Such notice was
delivered to defendants [Raines] on the 8[th] day of Aug, 2001 by personal delivery or by
mail." When, as discussed earlier, Raines failed to appear at trial, she was deemed to
have admitted the allegations contained in Gomez' sworn original petition. See Stoner,
578 S.W.2d at 682. Accordingly, the record supports the trial court's finding that Gomez
had met the conditions precedent to instituting an action for forcible entry. Cf. Goggins v.
Leo, 849 S.W.2d 373, 380 (Tex. App.—Houston [14th Dist.] 1993, no writ) (evidence
showed tenant failed to vacate after landlord made demand for possession). We overrule
Raines' seventh point of error.
Raines' Motion to Vacate the Judgment
          In her eighth, ninth, and tenth points of error, Raines contends the trial court erred
by failing to grant her motion to vacate the default judgment. 
          Raines asserts in her eighth point of error that no enforceable rental agreement
existed because the residence was not suitable for habitation. The Texas Legislature
enacted subchapter B of Chapter 92 of the Property Code to incorporate the implied
warrant of habitability from Texas common law. Churchill Forge, Inc. v. Brown, 61 S.W.3d
368, 376 (Tex. 2001) (citing Kamarath v. Bennett, 568 S.W.2d 658 (Tex. 1978) (common-law warranty of habitability)). "Subchapter B sets out specific minimum standards of
habitability, procedures for enforcing those standards, and remedies for the landlord's
failure to meet those standards." Id.; see also Tex. Prop. Code Ann. §§ 92.051–.061
(Vernon 1995 & Supp. 2004). Raines contends the home was not suitable for habitation
because "the heat, the water heater, and the kitchen stove were all gas appliances" and,
therefore, it was impossible to live in the house without gas. 
          The clerk's record contains a document, purportedly from TXU Electric & Gas, that
supposedly gives notice to the occupants of the residence in question that the company
has turned off the gas because of leaking gas pipes. The document, however, was not
admitted at trial, nor was it accompanied by a business records affidavit to explain its
source or authenticity. Instead, it appears Raines merely filed the purported document
during the course of the litigation, yet did so without accompanying verification (such as a
business records affidavit). The document is, at best, mere hearsay, given Raines'
apparent failure to properly authenticate the filing. See, e.g., Tex. R. Evid. 803(6)
(business records of regularly conducted activity excepted from hearsay prohibition). As
such, we cannot consider it as evidence that the house was uninhabitable. 
          There is nothing in the record to support Raines' claim that "the heat, the water
heater, and the kitchen stove were all gas appliances, . . . ." Such an assertion, even if
true, is outside the record before us. See Tex. R. App. P. 38.1(h) (contentions made on
appeal must be supported by appropriate citation to record). There is nothing else in the
record to suggest the house was uninhabitable. We therefore overrule Raines' eighth point
of error.
          In her ninth point of error, Raines claims the trial court erred by not granting her
motion to vacate the judgment because, according to Raines, Gomez pled no viable cause
of action and failed to properly join a claim for rent by not alleging specific dates for which
rent was owed. 
          A plaintiff's original petition should contain "a statement in plain and concise
language of the plaintiff's cause of action . . . ." Tex. R. Civ. P. 45(b). "That an allegation
be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice
to the opponent is given by the allegations as a whole." Id. "The test of the 'fair notice'
pleading requirement is whether an opposing attorney of reasonable competence, with
pleadings before him, can ascertain nature and basic issues of controversy and testimony
probably relevant." City of Alamo v. Casas, 960 S.W.2d 240, 251 (Tex. App.—Corpus
Christi 1997, no pet.). "The purpose of the fair notice rule is to give the opposing party
information sufficient to enable him to prepare a defense." Id. (citing Tex. R. Civ. P. 45, 47;
Roark v. Allen, 633 S.W.2d 804, 809–10 (Tex. 1982); Murray v. O & A Express, Inc., 630
S.W.2d 633, 636 (Tex. 1982); Castleberry v. Goolsby Bldg. Corp., 617 S.W.2d 665, 666
(Tex. 1981)).
          In this case, Gomez' original complaint sued for eviction and "unpaid rent."


 The
petition also alleged Raines had failed to vacate the property since May 1, 1998. Though
Gomez did not specifically state she was seeking unpaid rent for the period of May 1, 1998
through October 15, 2001, we believe an attorney of reasonable competence could have
reviewed Gomez' original petition and fairly determined Gomez was seeking both to have
Raines evicted and to recover back rent for that same time period.


 We also believe
Gomez' petition gave Raines sufficient information to enable her to prepare a defense,
should she have one.


 Accordingly, we cannot say Gomez failed to plead a viable cause
of action. We overrule Raines' ninth point of error.
          In her tenth point of error, Raines contends the trial court erred by not vacating the
default judgment when Raines allegedly did not receive forty-five days' advance notice of
the trial setting. 
          The Court may set contested cases on written request of any party,
or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the
parties; provided, however, that when a case previously has been set for
trial, the Court may reset said contested case to a later date on any
reasonable notice to the parties or by agreement of the parties.
 
Tex. R. Civ. P. 245 (emphasis added).
          This case had previously been set for trial December 20, 2001. Accordingly, the trial
court was not required to give Raines forty-five days' notice of future hearing dates, but
only required to give reasonable notice. See id. In this case, the trial court sent Raines
a notice of the trial setting twenty-eight days in advance, which we hold is a reasonable
amount of time given the procedural history of the case. We overrule Raines' tenth point
of error.
Arbitration Agreement
          In her eleventh point of error, Raines contends the trial court lacked jurisdiction
because the parties had an arbitration agreement. Raines has not directed our attention
to any arbitration agreement between the parties. Nor has our review of the record
uncovered an alleged arbitration agreement between the parties. Accordingly, Raines has
not brought forth an adequate record to support our review of this alleged error. See Tex.
R. App. P. 38.1(h) (argument should contain citation to record in support of contention
made). We overrule Raines' eleventh point of error.
Award of Damages
          In her final point of error, Raines contends the trial court erred in awarding damages
to Gomez when Gomez did not testify at trial regarding that issue. "A trial court may award
unliquidated damages based on affidavit testimony." Ingram Indus., Inc. v. U.S. Bolt Mfg.,
Inc., 121 S.W.3d 31, 37 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing Tex.
Commerce Bank v. New, 3 S.W.3d 515, 516–17 (Tex. 1999) (holding that, in no-answer
default judgments, affidavits as unobjected-to hearsay constitute probative evidence,
thereby satisfying Tex. R. Civ. P. 243's requirement that there be evidence of unliquidated
damages)). Unliquidated damages are those "that cannot be determined by a fixed
formula and must be established by a judge or jury." Black's Law Dictionary 419 (8th ed.
2004). Moreover, the Rules of Civil Procedure describe the types of damages that are
recoverable by a landlord in a suit for forcible entry and detainer:
          On the trial of the cause in the county court the appellant or appellee
shall be permitted to plead, prove and recover his damages, if any, suffered
for withholding or defending possession of the premises during the pendency
of the appeal [from justice court].
 
          Damages may include but are not limited to loss of rentals during the
pendency of the appeal and reasonable attorney fees in the justice and
county courts provided, as to attorney fees, that the requirements of Section
24.006 of the Texas Property Code have been met. Only the party prevailing
in the county court shall be entitled to recover damages against the adverse
party. He shall also be entitled to recover court costs. He shall be entitled
to recover against the sureties on the appeal bond in cases where the
adverse party has executed such bond.
 
Tex. R. Civ. P. 752.
          In this case, the trial court heard detailed testimony of Raines' failure to pay rent for
specific months in 2001. Unfortunately for Gomez, however, this testimony occurred
during the first trial, the judgment for which was reversed. On remand, the trial court did
not take judicial notice of Gomez' prior testimony. Nor did Gomez present any evidence
about the number of months Raines had failed to pay rent, the cost of repairing any
damage to the structure that was not attributable to normal wear and tear of the facilities,
any lost rental income during the pendency of the appeal, or any other damages Gomez
might have had related to this matter. Additionally, while Gomez' sworn complaint does
claim damages of $5,000.00, the complaint provides no evidence or allegations that
quantify or substantiate a claim for that amount. In essence, the trial court had no
evidence before it to support a judgment for damages. Accordingly, we sustain Raines'
final point of error.
          We must now determine whether the lack of evidence regarding damages requires
reversal of the trial court's full judgment, or whether we may remand the case for a new
hearing only on damages.
If the error affects part of, but not all, the matter in controversy and that part
is separable without unfairness to the parties, the judgment must be reversed
and a new trial ordered only as to the part affected by the error. The court
may not order a separate trial solely on unliquidated damages if liability is
contested.
 
Tex. R. App. P. 44.1(b). Raines' failure to appear at trial constituted an admission of
liability. Stoner, 578 S.W.2d at 682. The Rules of Appellate Procedure expressly
authorize us to remand the case for a hearing on unliquidated damages when, as is the
case here, conducting a separate hearing solely on damages will not be unfair to the
parties. Alvarado v. Reif, 783 S.W.2d 303, 305 (Tex. App.—Eastland 1989, no writ)
(without record evidence of unliquidated damages, case must be reversed for new trial as
to damages issue); cf. Estrada v. Dillon, 44 S.W.3d 558, 562 (Tex. 2001) (appellate court
erred by remanding case for new hearing on damages only where defendant contested
liability at jury trial); Browning Oil Co. v. Luecke, 38 S.W.3d 625, 647–50 (Tex.
App.—Austin 2000, pet. denied) (interest of justice required reversing case for new hearing
only on damages). Accordingly, we remand the case for a new hearing limited to the issue
of Gomez' damages.
Summary
          For the reasons stated, we affirm the trial court's default judgment, but remand the
case for a new hearing on the issue of Gomez' damages. 

 

                                                                           Donald R. Ross
                                                                           Justice
 
Date Submitted:      June 8, 2004
Date Decided:         July 30, 2004