

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| LARRY CHAMBERS AND ABIE WOLF, | § | No. 08-19-00061-CV |
| | § | Appeal from the |
| Appellants, | § | County Court at Law No. 6 |
| v. | § | of El Paso County, Texas |
| RICHARDO RIVERA AND CIMARRON CONYERS, | § | (TC# 2018DCV1525) |
| Appellees. | § | |
| | § | |

**O R D E R**

Appellees, Ricardo Rivera d/b/a Pro-Tech Diesel and Cimarron Conyers, have filed a motion to dismiss the appeal for want of jurisdiction because Appellants failed to timely file their notice of appeal from the trial court's order granting Appellees' motions to dismiss. The appeal of an order which rules on a motion to dismiss filed under the Texas Citizens Participation Act is expedited. TEX.CIV.PRAC. & REM.CODE ANN. §27.008(b). Appeals which are required by law to be expedited are accelerated appeals. TEX.R.APP.P. 28.1(a). In an accelerated appeal, the notice of appeal must be filed no later than 20 days after the date the order or judgment is signed. TEX.R.APP.P. 26.1(b), 28.1(a).

On January 24, 2019, the trial court signed an order granting Appellees' motions to

dismiss.  Thus, Appellants' notice of appeal was due to be filed no later than February 13, 2019.  *See* TEX.R.APP.P. 26.1(b).  Appellants did not file their notice of appeal until February 21, 2019, six days after the due date.  An appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule of Appellate Procedure 10.5(b) in the appellate court.  *See* TEX.R.APP.P. 10.5(b)(1)(C), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).  Under Rule 10.5, the extension motion must include the facts relied on to reasonably explain the need for the extension.  TEX.R.APP.P. 10.5(b)(1)(C).

The failure to file an extension motion is not necessarily fatal in a civil appeal.  The Texas Supreme Court has held that a motion for extension of time is "necessarily implied" when an appellant acting in good faith files an appeal bond after the deadline, but within the 15-day extension period.  *Verburgt*, 959 S.W.2d at 617.  This ruling has been applied to notices of appeal.  *See, e.g., Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex.App.--Fort Worth 2000, no pet.); *Industrial Services U.S.A., Inc. v. American Bank, N.A.*, 17 S.W.3d 358, 359 (Tex.App.-- Corpus Christi 2000, no pet.); *Smith v. Houston Lighting & Power Co.*, 7 S.W.3d 287, 288 (Tex.App.--Houston [1st Dist.] 1999, no pet.); *Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex.App.-- Amarillo 1999, pet. denied)(op. on reh'g).

Under the foregoing authority, a motion for extension of time is implied, but Appellants are still required to provide a reasonable explanation for the delay in filing their notice of appeal.  *See*  TEX.R.APP.P. 10.5(b)(1)(C); *Verburgt*, 959 S.W.2d at 617.  In their response to Appellees' motion to dismiss the appeal, Appellants incorrectly assert that they had thirty days to file their notice of appeal because the trial court granted the motions to dismiss.  We understand Appellants to argue that the accelerated appeal deadline only applies to interlocutory appeals

from an order denying a motion to dismiss under the TCPA. We disagree because Section 27.008(b)'s requirement that the appeal be expedited is not limited to orders denying a motion to dismiss under TCPA. We conclude, however, that Appellants' mistaken belief about the deadline constitutes a reasonable explanation for the late filing of their notice of appeal. Appellees' motion to dismiss is denied.

Although the Court finds that Appellants' timely filed their notice of appeal, we question whether the order signed by the trial court on January 24, 2019 is a final and appealable judgment because there is nothing in the record indicating that Appellants' claims against Duane Brockman d/b/a Tigua Auto Sales have been resolved. Section 27.008(b) does not permit an interlocutory appeal of an order granting a motion to dismiss under the TCPA. The Court hereby gives notice of its intent to dismiss the appeal for want of jurisdiction unless any party files a response showing grounds for the appeal to continue. Appellants' response is due to be filed no later than July 8, 2019.

IT IS SO ORDERED this 28th day of June, 2019.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.