Lawrence Joseph CHILKEWITZ,
Appellant,

v.

Scott WINTER, M.D.; National Medical
Enterprises, Inc. n/k/a Tenet Health-
care Corp.; Psychiatric Institutes of
America, Inc. n/k/a Nme Psychiatric
Hospitals, Inc.; and Psychiatric Insti-
tute of Bedford, Inc. d/b/a Bedford
Meadows Hospital, Appellees.

No. 2–00–198–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 3, 2000.

Robert F, Andrews, Fort Worth, for
appellant.

G. Dennis Sheehan, Haynes & Boone,
L.L.P., Fort Worth, Robert B. Krakow,
Gibson, Dunn & Crutcher, Dallas, Alan L.
Campbell, Cowles & Thompson, McKin-
ney, for appellee.

PANEL D: CAYCE, C.J.; DAY and
LIVINGSTON, JJ.

## OPINION

PER CURIAM.

Lawrence J. Chilkewitz appeals the trial
court's judgment dismissing his lawsuit for
want of prosecution. Because appellant's
notice of appeal was untimely filed, we
dismiss the appeal for want of jurisdiction.

The trial court rendered a final
judgment on February 23, 2000. Appel-
lant timely filed a motion for new trial,
thereby extending the appellate timetable
and making his notice of appeal due on
May 23, 2000. *See* TEX.R.APP. P. 26.1.
Appellant filed his notice of appeal on June
7, 2000, 15 days after his filing deadline.
Because appellant's notice of appeal was
untimely, we notified appellant that we
would dismiss this appeal unless appellant
or any party desiring to continue the ap-
peal filed with the court a response show-
ing grounds for continuing the appeal.
*See* TEX.R.APP. P. 42.3. We have not re-
ceived any response.

The times for filing a notice of ap-
peal are jurisdictional in this court, and
absent a timely filed notice of appeal, we
must dismiss the appeal. *See id.* 2,
25.1(b); *Jones v. City of Houston*, 976
S.W.2d 676, 677 (Tex.1998); *Verburgt v.
Dorner*, 959 S.W.2d 615, 617 (Tex.1997).
The Rules of Appellate Procedure allow
the court to extend the time to file a notice
of appeal for 15 days, *if* the party files the
notice of appeal within 15 days after the

deadline *and* files a motion for extension that reasonably explains the need for an extension. *See* TEX.R.APP. P. 10.5(b)(1)(C), 26.3; *Jones,* 976 S.W.2d at 677; *Verburgt,* 959 S.W.2d at 617. A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1, but within the 15–day period in which appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones,* 976 S.W.2d at 677; *Verburgt,* 959 S.W.2d at 617; *see also* TEX.R.APP. P. 26.1, 26.3. However, when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones,* 976 S.W.2d at 677; *Verburgt,* 959 S.W.2d at 617.

This court sent appellant notice of its intent to dismiss the appeal unless appellant showed grounds for continuing the appeal. Even though appellant filed his notice of appeal on the 15th day after the filing deadline, he failed to reasonably explain the need for an extension of time to file the notice. *See* TEX.R.APP. P. 42.3. Because appellant's notice of appeal was untimely and he did not provide a reasonable explanation for needing an extension, we dismiss the appeal for want of jurisdiction.