

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-192-CV


MCKAMY EVERS ESTATES HOMEOWNERS ASSOCIATION; MCKAMY EVERS ESTATES HOMEOWNERS ASSOCIATION, INC.; MCKAMY DEVELOPMENT COMPANY, LTD.; SKELTON INVESTMENTS, LLC; AND JOHN SKELTON                                        APPELLANTS


V.

PLAINSCAPITAL BANK                                        APPELLEE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On June 17, 2010, we notified Appellants that this court may not have jurisdiction over this appeal because it appeared that the notice of appeal was not timely filed. We stated that the appeal would be dismissed for want of

---

[1]See Tex. R. App. P. 47.4.

jurisdiction unless Appellants or any party desiring to continue the appeal filed with the court on or before June 28, 2010, a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

We received a response from Appellants on June 29, 2010. Appellants provide no explanation for why their notice of appeal was not timely filed but instead argue that no final judgment exists. We requested and received a reply from Appellee PlainsCapital Bank. After reviewing Appellants' response to our jurisdictional inquiry, Appellee's reply, the trial court's November 12, 2009 "Order Granting Plaintff's Emergency Application For Appointment Of Receiver,"[2] the trial court's February 10, 2010 "Interlocutory Judgment By Default," and the trial court's February 19, 2010 "Final Judgment By Default," it appears that all parties and all issues have been disposed of. The trial court's February 19, 2010 "Final Judgment By Default"—which states that there was an "absence of any answer, response or appearance in this suit by Defendants" and that "this Court finds that a final judgment by default in favor of Plaintiff and against Defendants [Appellants] should be entered"—appears to be a final judgment. *See generally* Tex. R. Civ. P. 239. Because the February 19, 2010 judgment is a final judgment disposing of all parties and all issues and because Appellants timely filed a motion for new trial, the appellate deadline for filing their notice of appeal was

---

[2]A copy of which was obtained by our clerk's office.

May 20, 2010, *see* Tex. R. App. P. 26.1(a), but Appellants did not file their notice of appeal until June 11, 2010.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.).

Accordingly, because Appellants' notice of appeal was not timely filed, we dismiss their appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 19, 2010