COURT OF
APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

NO. 2-10-192-CV

 

 

MCKAMY
 EVERS ESTATES                             
                              APPELLANTS                                    
 HOMEOWNERS ASSOCIATION;
 MCKAMY EVERS ESTATES 
 HOMEOWNERS ASSOCIATION, INC.;
 MCKAMY DEVELOPMENT COMPANY,
 LTD.; SKELTON INVESTMENTS,
 LLC; AND JOHN SKELTON                                                                                   

V.

PLAINSCAPITAL
 BANK                                                                        
 
 APPELLEE

------------

FROM THE 211TH
DISTRICT COURT OF DENTON
COUNTY

------------

MEMORANDUM OPINION[1]

------------

          On June 17, 2010, we notified Appellants
that this court may not have jurisdiction over this appeal because it appeared
that the notice of appeal was not timely filed. We stated that the appeal would
be dismissed for want of jurisdiction unless Appellants or any party desiring
to continue the appeal filed with the court on or before June 28, 2010, a
response showing grounds for continuing the appeal.  See
Tex. R. App. P. 42.3(a), 44.3.

We
received a response from Appellants on June 29, 2010.  Appellants provide no explanation for why
their notice of appeal was not timely filed but instead argue that no final
judgment exists.  We requested and
received a reply from Appellee PlainsCapital Bank.  After reviewing Appellants’ response to our
jurisdictional inquiry, Appellee’s reply, the trial court’s November 12, 2009
“Order Granting Plaintff’s Emergency Application For Appointment Of Receiver,”[2]
the trial court’s February 10, 2010 “Interlocutory Judgment By Default,” and
the trial court’s February 19, 2010 “Final Judgment By Default,” it appears
that all parties and all issues have been disposed of.   The
trial court’s February 19, 2010 “Final Judgment By Default”––which states that
there was an “absence of any answer, response or appearance in this suit by
Defendants” and that “this Court finds that a final judgment by default in
favor of Plaintiff and against Defendants [Appellants] should be entered”––appears
to be a final judgment.  See generally Tex. R. Civ. P. 239.  Because the February 19, 2010 judgment is a
final judgment disposing of all parties and all issues and because Appellants
timely filed a motion for new trial, the appellate deadline for filing their
notice of appeal was May 20, 2010, see
Tex. R. App. P. 26.1(a), but Appellants did not file their notice of appeal until
June 11, 2010.

The
time for filing a notice of appeal is jurisdictional in this court, and absent
a timely-filed notice of appeal or extension request, we must dismiss the
appeal.  See Tex. R. App. P. 2, 25.1(b), 26.3; Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Verburgt v Dorner, 959 S.W.2d 615, 617
(Tex. 1997); Chilkewitz v. Winter, 25
S.W.3d 382, 383 (Tex. App.––Fort Worth 2000, no pet.).

Accordingly,
because Appellants’ notice of appeal was not timely filed, we dismiss their
appeal for want of jurisdiction. See Tex.
R. App. P. 42.3(a), 43.2(f).

 

                                                                             PER
CURIAM                 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  August 19, 2010











[1]See Tex. R. App. P. 47.4.





[2]A
copy of which was obtained by our clerk’s office.