

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00189-CV

DANNAH ROSE, JR.                                                    APPELLANT

V.

CAROL KYER                                                          APPELLEE

----------

## FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dannah Rose, Jr. attempts to appeal from an order signed February 10, 2012, granting summary judgment in favor of Appellee Carol Kyer. A motion for new trial was filed March 10, 2012, making the notice of appeal due May 10, 2012. *See* Tex. R. App. P. 26.1(a).  Rose filed a notice of appeal on May 11, 2012.

---

[1]*See* Tex. R. App. P. 47.4.

On May 16, 2012, we sent a letter to Rose stating our concern that we lacked jurisdiction over this appeal because Rose's notice of appeal was not timely filed. We informed Rose that unless he, or any party desiring to continue the appeal, filed a response showing a reasonable explanation for the late filing of the notice of appeal on or before May 29, 2012, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. To date, we have received no response from Rose. Kyer, however, filed a motion to dismiss the appeal for want of jurisdiction.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. However, when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Rose's notice of appeal was untimely and because Rose did not provide any explanation for needing an extension, we grant Kyer's motion and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DELIVERED:  July 12, 2012