02-12-189-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00189-CV

 

 


 
 
 DaNNAH ROSE, JR.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 CAROL KYER
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 393RD
District Court OF DENTON COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Dannah Rose, Jr. attempts to appeal from an order signed February 10, 2012,
granting summary judgment in favor of Appellee Carol Kyer. A motion for new
trial was filed March 10, 2012, making the notice of appeal due May 10, 2012. See Tex. R.
App. P. 26.1(a).  Rose filed a notice of appeal on May 11, 2012.

          On
May 16, 2012, we sent a letter to Rose stating our concern that we lacked
jurisdiction over this appeal because Rose’s notice of appeal was not timely filed.  We
informed Rose that unless he, or any party desiring to continue the appeal,
filed a response showing a reasonable explanation for the late filing of the notice of appeal on or
before May 29, 2012, the appeal could be dismissed for want of jurisdiction.
 See Tex. R. App. P. 42.3(a), 44.3.  To date, we have received
no response from Rose.  Kyer, however, filed a motion to dismiss the appeal for
want of jurisdiction.  

          The
time for filing a notice of appeal
is jurisdictional in this court, and absent a timely-filed notice
of appeal or extension request, we must
dismiss the appeal.  See Tex. R. App. P. 2, 25.1(b), 26.3; Jones
v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998); Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997).  A motion for extension of time is
necessarily implied when an appellant acting in good faith files a notice of appeal beyond the
time allowed by rule 26.1 but within the fifteen-day period in which appellant
would be entitled to move to extend the filing deadline under rule 26.3.  See
Jones, 976 S.W.2d at 677; Verburgt, 959 S.W.2d at 617; see also
Tex. R. App. P. 26.1, 26.3.  However, when a motion for extension is
implied, it is still necessary for the appellant to reasonably explain the need
for an extension.  See Jones, 976 S.W.2d at 677; Verburgt,
959 S.W.2d at 617.   

 

 

          Because
Rose’s notice of appeal
was untimely and because Rose did not provide any explanation
for needing an extension, we grant Kyer’s motion and dismiss the appeal for
want of jurisdiction.  See Tex. R. App. P. 2, 25.1(b), 26.3; Jones,
976 S.W.2d at 677; Verburgt, 959 S.W.2d at 617; Chilkewitz v. Winter,
25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.). 

 

PER CURIAM

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DELIVERED:  July 12, 2012








 









[1]See Tex. R. App. P. 47.4.