

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00458-CV

JOSEPH SAGASTUME AND
PATRICIA SAGASTUME

APPELLANTS

V.

WELLS FARGO BANK, N.A.

APPELLEE

----------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Joseph Sagastume and Patricia Sagastume attempt to appeal from the trial court's summary judgment signed on November 22, 2013. No post-judgment motion was filed to extend the appellate deadline, so the notice of

---

[1]*See* Tex. R. App. P. 47.4.

appeal was due December 23, 2013, but was not filed until December 26, 2013.[2] *See* Tex. R. App. P. 26.1(a)(1).

On December 30, 2013, we sent a letter to Appellants stating our concern that we lacked jurisdiction over this appeal because Appellants' notice of appeal was not timely filed. We informed Appellants that unless they, or any party desiring to continue the appeal, filed a response by January 9, 2014, showing a reasonable explanation for the late filing of the notice of appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. To date, we have received no response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which the appellant would be entitled to move

---

[2]We note that Appellants state in their notice of appeal that the trial court's order was mailed on or about November 25, 2013, and was received on November 27, 2013. To the extent that Appellants attempt to gain additional time to file their notice of appeal based on the date they received the judgment, they do not meet the requirements of Texas Rules of Civil Procedure 306a(4) and (5), which set forth the requirements and the procedures to be used when notice is received more than twenty days after the judgment is signed. *See* Tex. R. Civ. P. 306a(4), (5); *see also* Tex. R. App. P. 4.2(b) (stating that procedure to gain additional time is governed by Texas Rule of Civil Procedure 306a(5)).

to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. However, when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Appellants' notice of appeal was untimely and because appellants did not provide any explanation for needing an extension, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.).

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: March 13, 2014

3