

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00436-CV

CARROLL CRAIG BOLIN AND                                    APPELLANTS
MARY KATHALINA BOLIN

V.

FIRST STATE BANK                                              APPELLEE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Carroll Craig Bolin and Mary Kathalina Bolin attempt to appeal from the trial court's summary judgment signed on October 28, 2013. Because no post-judgment motion was filed to extend the appellate deadline, Appellants' notice of appeal was due November 27, 2013. *See* Tex. R. App. P. 26.1(a). Appellants did not file their notice of appeal until December 10, 2013.

---

[1]*See* Tex. R. App. P. 47.4.

On December 13, 2013, we notified Appellants of our concern that this court lacked jurisdiction over this appeal because Appellants' notice of appeal was not timely filed. *See* Tex. R. App. P. 26.1. We informed Appellants that unless they or any party desiring to continue the appeal filed a response showing a reasonable explanation for the late filing of the notice of appeal on or before December 23, 2013, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a). We received no response.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. Even when a motion for extension is implied, however, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

Because Appellants' notice of appeal was untimely and because Appellants did not provide any explanation for needing an extension, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*,

2

976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  March 13, 2014

3