

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00094-CV

_____

ROSS PHILLIPS AND PHILLIPS READY-BUILT
HOMES & ON SITE CONSTRUCTION, APPELLANTS

V.

GARY GUNN AND BEVERLYE LAMBERT GUNN, APPELLEES

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 10,123; Honorable Stuart Messer, Presiding

April 11, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellants bring this appeal to challenge the trial court's judgment in favor of Appellees. We dismiss for want of jurisdiction and failure to comply with an order of this Court.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b); *Chilkewitz v. Winter*, 25 S.W.3d 382 (Tex. App.—Fort Worth

2003, no pet.). A notice of appeal is due within thirty days after judgment is signed or within ninety days if a motion for new trial is timely filed. TEX. R. APP. P. 26.1. The notice may still be considered timely if an appellant files the notice within the fifteen-day extension provided by Rule 26.3 of the Texas Rules of Appellate Procedure. The Rule provides the notice of appeal must be filed in the trial court within the fifteen-day extension period in addition to the filing of a motion for extension of time in this Court. TEX. R. APP. P. 10.5(b). The motion for extension of time is necessarily implied pursuant to *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

Here, the trial court's judgment was signed on November 21, 2013. Because a motion for new trial was filed, the notice of appeal was due in the trial court on or before February 19, 2014. Appellants filed their notice of appeal on March 6, 2014, which was within the fifteen-day extension period. Although the motion for extension of time was implied, this Court is required to request that Appellants provide a written, reasonable explanation for the late-filed notice. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). By letter dated March 28, 2014, counsel for Appellants was directed to provide a reasonable explanation for the delay, in writing, on or before April 7, 2014. Counsel was further advised that failure to comply could result in dismissal of the appeal for want of jurisdiction. *See Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex. App.—Amarillo 1999, pet. denied) (op. on reh'g). Counsel did not respond to this Court's notice.

Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those

2

rules, *Verburgt*, 959 S.W.2d at 615, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). This Court has no discretion to permit Appellants' untimely filed notice of appeal to confer jurisdiction over this appeal.

Accordingly, Appellants' purported appeal is dismissed for want of jurisdiction and failure to comply with an order of this Court. *See* TEX. R. APP. P. 42.3(a), (c).


Patrick A. Pirtle
Justice