

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00084-CV
No. 07-15-00085-CV
No. 07-15-00086-CV

_____

DANNY SHEAD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court Nos. 8460-B, 8461-B & 19154-B; Honorable John B. Board, Presiding

March 24, 2015

## MEMORANDUM OPINION

### Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Proceeding *pro se* and *in forma pauperis*, Appellant, Danny Shead, is contesting the trial court's denial of his *Motion to Rescind Order to Withdraw Inmate Funds* filed in each of the above-referenced cause numbers. Appellant is incarcerated for offenses relating back to the 1990s. In 1994, in cause number 8460-B, he was placed on deferred adjudication community supervision for indecency with a child. In 1996, he was adjudicated guilty of the offense and sentenced to ten years confinement. That

same year, in cause number 8461-B, a judgment revoking Appellant's community supervision for sexual assault was entered and he was sentenced to ten years confinement and assessed a $1,000 fine. In 2008, in cause number 19154-B, Appellant was convicted of failure to comply with sex offender registration requirements, enhanced and he was sentenced to twelve years confinement and assessed a $1,000 fine. In February 2010, pursuant to section 501.014(e) of the Texas Government Code, the trial court signed an *Order to Withdraw Inmate Funds* in each cause. Over four years later, on May 22, 2014, the trial court entered *a Nunc Pro Tunc Order to Withdraw Funds* in each of the three cases.

By objections and motions to rescind filed in the trial court, Appellant contested the *nunc pro tunc* orders.[1] On January 8, 2015, the trial court signed orders in each case overruling his objections and denying the respective motions to rescind. Appellant filed notices of appeal challenging the trial court's orders. According to the *Certificates of Service* in each notice of appeal, he deposited them in the prison mail system on February 25, 2015, forty-eight days after the orders were signed. *See Warner v. Glass*, 135 S.W.3d 681, 685-86 (Tex. 2004) (announcing new rule that a *pro se* inmate's legal document is deemed filed at the time the prison authorities duly receive the document to be mailed on or before the filing deadline). The notices bear trial court clerk file stamps of March 3, 2015.

By letter dated March 4, 2015, this Court notified Appellant that the notices of appeal appeared untimely and requested a reasonable explanation for their

---

[1] According to the *Bill of Costs* in each case, Appellant was assessed legislatively mandated costs and fees, fines, and attorney's fees ordered while on probation.

untimeliness.[2]  As this Court's letter was in transit via the United States postal system, Appellant filed a motion for extension of time in which to file his notice of appeal.  As explained below, the motion was incorrectly filed in this Court rather than the trial court.  By his motion, Appellant explained he did not receive actual knowledge of the trial court's January 8, 2015 orders until February 20, 2015.  Acknowledging that the time for filing his notices of appeal had expired, Appellant requested a thirty-day extension.

After receiving this Court's March 4th letter requesting a reasonable explanation for the untimely notices of appeal, Appellant responded with a second motion for extension of time.  By both motions, he explained that he acted as quickly as possible in filing his notices of appeal once he received actual knowledge of the trial court's signed orders on February 20, 2015.[3]  In support of both the original and second motions, Appellant relies on the procedures described in Rule 306a of the Texas Rules of Civil Procedure for extending his appellate timetables.

Rule 306a establishes the procedure for immediately notifying affected parties of the entry of an order or judgment by first-class mail.  TEX. R. CIV. P. 306a(3).  The Rule then carves out a significant exception to the general rule regarding the date of the order or judgment as determining the beginning of various periods prescribed by the rules, including the period within which to file a notice of appeal.  Rule 306a(4), entitled "No notice of judgment," provides that if within twenty days after the judgment or other

---

[2] A notice of appeal must be filed within thirty days after the day the trial court signs a judgment or appealable order.  TEX. R. APP. P. 26.1.  The deadline may be extended by fifteen days.  *Id.* at 26.3.  A timely notice of appeal is essential to invoking this Court's jurisdiction.  *See* TEX. R. APP. P. 25.1(b); *Phillips v. Gunn*, No. 07-14-00094-CV, 2014 Tex. App. LEXIS 4027, at *1 (Tex. App.—Amarillo April 11, 2014, no pet.) (mem. op.) (citing *Chilkewitz v. Winter*, 25 S.W.3d 382 (Tex. App.—Fort Worth 2003, no pet.)).  If a notice of appeal is not timely filed, a court of appeals has no option but to dismiss an appeal for want of jurisdiction.  *Chilkewitz*, 25 S.W.3d at 382.

[3] On March 19, 2015, this Court filed correspondence from Appellant in which he again explains that his notices of appeal are untimely due to lack of notice from the trial court clerk of the signing of the withdrawal orders on January 8, 2015.

appealable order is signed, a party adversely affected has neither received notice under Rule 306a(3) nor acquired actual knowledge, then with respect to that party all periods described in Rule 306a(1) shall begin anew from the date of notice, but in no event shall the periods begin more than ninety days after the original judgment or other appealable order was signed. *Id.* at 306a(4).

To take advantage of the extended time periods established by Rule 306a(4), it is incumbent on the complaining party to file with the trial court a motion and then prove, on sworn motion and notice, the date on which the party either received notice or acquired actual knowledge of the signing of the judgment or order and that the date was more than twenty days after the date of signing. *Id.* at 306a(5). A parallel rule exists in the Texas Rules of Appellate Procedure for appellate time periods that begin to run from the signing date of a document. TEX. R. APP. P. 4.2. According to Rule 4.2(c), after hearing the motion filed pursuant to Rule 306a(5), the trial court must sign a written order finding the date when the affected party either received notice or acquired actual knowledge of the signing of the contested judgment or order. TEX. R. APP. P. 4.2(c).

Here, Appellant attempted to file his Rule 306a(5) motion in this Court; however, this Court does not conduct evidentiary hearings or entertain motions filed under that rule. Rule 4.2 of the Texas Rules of Appellate Procedure contemplates that an affected party seeking to gain additional time to file documents in this Court would originally file a motion in the trial court, have a hearing on that motion, and obtain a written order from that court which would determine the date when the party first received notice or had

actual knowledge that a judgment or order was signed. *See* TEX. R. APP. P. 4.2(a), (b), (c).[4]

Appellant acknowledges that his notices of appeal are untimely absent an extension of time to file. Furthermore, this Court is prohibited from using Rule 2 of the Texas Rules of Appellate Procedure to suspend the operation of the rules for timely perfecting an appeal. TEX. R. APP. P. 2; *Spencer v. Pagliarulo*, 448 S.W.3d 605, 607 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Without timely filed notices of appeal, this Court has no option but to dismiss the appeal for want of jurisdiction.

Consequently, Appellant's motions for extensions of time in which to file his notices of appeal are denied and these purported appeals are dismissed for want of jurisdiction.[5]

Patrick A. Pirtle
Justice

Quinn, C.J. Concurring in the result.

---

[4] Even if Appellant were to obtain a trial court order finding he acquired actual knowledge of the trial court's withdrawal orders on February 20, 2015, the last possible date to perfect an appeal would be April 6, 2015, thirty days plus a fifteen-day extension.

[5] Notwithstanding our disposition of these appeals, most of Appellant's challenges to the withdrawal orders would likely fail on the merits.

COURT COSTS—Legislatively mandated court costs are properly collectible by means of a withdrawal order regardless of the offender's ability to pay. *Williams v. State*, 332 S.W.3d 694, 700 (Tex. App.—Amarillo 2011, pet. denied).

FINES—Fines are punitive and intended to be part of a convicted defendant's sentence, *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011), and thus, are also collectible by means of a withdrawal order regardless of the offender's ability to pay. We note, however, that while the judgments in cause numbers 8461-B and 19154-B reflect a $1,000 fine, the judgment in cause number 8460-B does not reflect a fine. Because all three *Bills of Cost* include a separate $1,000 fine, it would appear that Appellant would be entitled to partial relief in cause number 8460-B.

ATTORNEY'S FEES—Any issue on assessment of attorney's fees as a condition of Appellant's probation is likely forfeited for not being raised by direct appeal when probation was first imposed. *See Wiley v. State*, 410 S.W.3d 313, 320-21 (Tex. Crim. App. 2013).