

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-18-00186-CV

LARRY LINVILLE                                                                    APPELLANT

V.

LEUTY AVENUE APARTMENTS                                              APPELLEE

----------

### FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY
### TRIAL COURT NO. CV-2018-00970

----------

## MEMORANDUM OPINION[1]

----------

Appellant Larry Linville attempts to appeal from a forcible-detainer judgment in which Appellee Leuty Avenue Apartments was awarded possession of property described as 909 W. 7th Street, Apartment #9, Justin, Texas 76247. On June 1, 2018, we notified Linville of concerns regarding jurisdiction because the trial court's judgment was signed on April 24, 2018 and no postjudgment

---

[1]See Tex. R. App. P. 47.4.

motion was filed to extend the appellate deadlines, so the notice of appeal was due by May 24, 2018. But it was not filed until May 29, 2018. We provided Linville or any other party desiring to continue the appeal ten days to respond and provide a reasonable explanation for the late-filed notice of appeal, and we cautioned that the failure to provide such a response could result in the dismissal of this appeal for want of jurisdiction. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a). More than ten days have passed and neither Linville nor any other party has filed a response to our June 1, 2018 letter.

The time for filing a notice of appeal is jurisdictional, and absent a timely-filed notice of appeal or motion for extension of time to file the notice of appeal, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. But even when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.).

2

Linville's notice of appeal was untimely filed but filed within the fifteen-day period in which a motion for extension of time is implied. Thus, Linville was still required to provide an explanation for needing an extension. *See* Tex. R. App. P. 42.3(a); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.). Because he did not, the notice of appeal in this cause remains untimely. *See Garcia v. Green Tree Servicing LLC*, Nos. 13-13-00694-CV, 13-13-00695-CV, 2014 WL 1465037, at *2–4 (Tex. App.—Corpus Christi Apr. 10, 2014, no pet.) (mem. op.).

Accordingly, we dismiss Linville's attempted appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f).[2]

PER CURIAM

PANEL: WALKER, MEIER, and GABRIEL, JJ.

DELIVERED: August 9, 2018

---

[2]We also note that our review of the trial court's online docket sheet indicates that the writ of possession has already been executed and Appellee has obtained possession of the property. Although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer judgment becomes moot when the appellant ceases to have actual possession of the property, unless the appellant has a potentially meritorious claim of right to current, actual possession of the property. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Thus, even if we did have jurisdiction over Linville's attempted appeal, we alternatively dismiss it as moot.