

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00078-CV

———————————————

MARK ALLEN EARL, Appellant

V.

JAMES DALE KINNAIRD, Appellee

---

On Appeal from the 233rd District Court
Tarrant County, Texas
Trial Court No. 233-650004-18

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Mark Allen Earl attempts to appeal from a protective order the trial court rendered against him, which it signed on November 26, 2018. Earl filed a motion for new trial, and thus his deadline to file a notice of appeal was February 25, 2019. *See* Tex. R. App. P. 26.1(a)(1). But Earl did not file his notice of appeal until March 1, 2019.

On March 8, 2019, we notified Earl of our concern that we lacked jurisdiction over his appeal because his notice of appeal was untimely filed. We provided Earl or any other party desiring to continue the appeal ten days to respond and provide a reasonable explanation for the late-filed notice of appeal, and we cautioned that the failure to provide such a response could result in the dismissal of this appeal for want of jurisdiction. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a). More than ten days have passed, and neither Earl nor any other party has filed a response to our March 8, 2019 letter.

The time for filing a notice of appeal is jurisdictional, and absent a timely-filed notice of appeal or motion for extension of time to file the notice of appeal, we must dismiss the appeal. *See* Tex. R. App. P. 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which the appellant would be entitled to move to extend the

2

filing deadline under rule 26.3. *See* Tex. R. App. P. 26.1, 26.3; *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617. But even when a motion for extension is implied, the appellant still must reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.).

Earl's notice of appeal was untimely, but it was filed within the fifteen-day period in which a motion for extension of time is implied. Even so, Earl still had to reasonably explain his need for an extension. *See* Tex. R. App. P. 42.3(a); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Chilkewitz v. Winter*, 25 S.W.3d 382, 383 (Tex. App.—Fort Worth 2000, no pet.). Because he did not, we dismiss this appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: April 25, 2019

3